**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____    District of    Delaware_____

                                          (State)

Case number *(If known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Roadhouse Holding Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 27 – 4075939 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3011 Armory Drive, Suite 300 | |
| Number        Street | Number          Street |
| | |
| Nashville          TN        37204 | |
| City          State        ZIP Code | City          State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Davidson | |
| County | Number          Street |
| | |
| | City          State      ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | http://logansroadhouse.com |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Roadhouse Holding Inc.                                                    Case number *(if known)*_____
          Name

**7.    Describe debtor's business**

A.  *Check one:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Railroad (as defined in 11 U.S.C. § 101(44))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒   None of the above

Activities Related to Real Estate

B.  *Check all that apply:*

☐   Tax-exempt entity (as described in 26 U.S.C. § 501)

☐   Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐   Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7225

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐   Chapter 7

☐   Chapter 9

☒   Chapter 11.  *Check all that apply:*

☐   Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 on a consolidated basis (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐   The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐   A plan is being filed with this petition.

☐   Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐   The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐   The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐   Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒   No

☐   Yes.   District _____   When _____   Case number _____
                                        MM / DD / YYY

         District _____   When _____   Case number _____
                                        MM / DD / YYY

| Debtor | Roadhouse Holding Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.

Debtor _See attached_    Relationship _See attached_

District _See attached_    When _____
                                                  MM / DD / YYY

Case number, if known _____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____

_____      _____    _____
City                                State        ZIP Code

**Is the property insured?**

☐ No.

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

Debtor   Roadhouse Holding Inc.                                        Case number (if known) _____
         Name

| | Statistical and administrative information |

**13. Debtor's estimation of available funds**

Check one:
- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☒ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☒ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

**16. Estimated liabilities**

| | | | | | |
|---|---|---|---|---|---|
| ☒ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | Request for Relief, Declaration, and Signatures |

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/08/2016
              MM / DD / YYYY

X _____        Keith A. Maib
Signature of authorized representative of debtor    Printed name

Title   Chief Restructuring Officer

Debtor    Roadhouse Holding Inc.                                                                    Case number (if known)
          Name

18.   **Signature of attorney**                    x _____          Date   08/08/2016
                                                        Signature of attorney for debtor                      MM / DD / YYYY

                                                        Edmon L. Morton
                                                        Printed Name

                                                        Young Conaway Stargatt & Taylor, LLP
                                                        Firm name

                                                        1000 North King Street
                                                        Number       Street

                                                        Wilmington                              DE            19801
                                                        City                                    State         Zip Code

                                                        (302) 571 - 6600                         emorton@ycst.com
                                                        Contact phone                           Email address

                                                        3856                                     DE
                                                        Bar number                               State

**ATTACHMENT 1 TO VOLUNTARY PETITION**

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the related entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), will file or have filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

**The Debtors are the following entities (along with their federal tax identification numbers):**

1. Roadhouse Holding Inc. (27-4075939)

2. Roadhouse Intermediate Inc. (27-4076159)

3. Roadhouse Midco Inc. (27-4076337)

4. Roadhouse Parent Inc. (27-3425108)

5. LRI Holdings, Inc. (20-5894571)

6. Logan's Roadhouse, Inc. (62-1602074)

7. Logan's Roadhouse of Texas, Inc. (74-2902372)

8. Logan's Roadhouse of Kansas, Inc. (20-5948716)

Debtor  Roadhouse Holding Inc.                                      Case number (if known) _____

| Debtor Name |
|---|
| United States Bankruptcy Court for the: _____ District of Delaware |
| Case Number (if known) _____ |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/08/2016
                        MM / DD / YYYY

x  /s/ Keith A. Maib                                      Keith A. Maib
   Signature of authorized representative of debtor        Printed name

   Title    Chief Restructuring Officer

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** Roadhouse Holding Inc., et al. |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 16-_____ |

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders on a Consolidated Basis   12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | National Retail Properties 450 S. Orange Avenue Suite 900 Orlando FL 32801 | Sam Khatib Sam.Khatib@nnnreit.com / leticia.thresher@nnnreit.com | Rent | | | | $521,869.74 |
| 2 | Cintas Corporation No 2 4601 Creekstone Dr Ste 200 Durham NC 27703 | Sean McLaughlin AppleM@cintas.com / mclaughlins@cintas.com Facsimile No. 919-882-8325 | Trade Payable | | | | $337,958.75 |
| 3 | Republic Services, LLC PO Box 99917 Chicago IL 60696-7717 | Jeff Moody SSmetzler@republicservices.com / jmoody@republicservices.com | Trade Payable | | | | $269,613.90 |
| 4 | dba REMCO 995 Yeager Parkway Pelham AL 35124 | Cort Harwood service@remcoalabama.com / cort@remcosoutheast.com Facsimile No. 205-620-1254 | Trade Payable | | | | $208,000.00 |
| 5 | BullsEye Telecom Inc PO Box 33752 Detroit MI 48232-3752 | help@bullseyetelecom.com | Trade Payable | | | | $193,194.13 |
| 6 | Coca Cola - Dr Pepper Fairshare PO Box 102703 Atlanta GA 30368 | B. Marshall bimarshall@coca-cola.com | Trade Payable | | | | $185,785.00 |
| 7 | Ecolab Pest 26252 Network Place Chicago IL 60673-1262 | Guy Turner guy.turner@ecolab.com Facsimile No. 407-830-5868 | Trade Payable | | | | $178,750.00 |
| 8 | Store Capital 8501 E Princess Dr, Suite 190 Scottsdale AZ 85255 | C. Barnett cbarnett@storecapital.com / fincollections@storecapital.com | Rent | | | | $159,457.72 |
| 9 | Brink's Incorporated 7373 Solutions Center Chicago IL 60677-7003 | Al Ringer alringer@brinksinc.com | Trade Payable | | | | $141,682.39 |

Debtor   **Roadhouse Holding Inc., et al.**                                         Case number *(if known)* **16-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | Printed Images, Inc. 1650 Elm Hill Pike #9 Nashville TN 37210 | Mark McGill mark.mcgill@proforma.com Facsimile No. 615-315-9300 | Trade Payable | | | | $127,647.14 |
| 11 | Reed Smith LLP 225 Fifth Avenue Pittsburgh PA 15222 | M. Aires MAires@ReedSmith.com Facsimile No. 215-851-1420 | Profeesional Services | | | | $114,843.02 |
| 12 | AR Global 7621 Little Ave Suite 200 Charlotte NC 28226 | Akomea Potsu-Kankam apoku-kankam@ar-global.com Facsimile No. 704-247-4956 | Rent | | | | $109,893.24 |
| 13 | Compeat Inc 12303 Technology Blvd Suite 930D Austin TX 78727 | Stacy Doucet stacy.doucet@compeat.com | Trade Payable | | | | $108,931.30 |
| 14 | dba People Matter Billing 466 King Street Charleston SC 29403 | billing@peoplematter.com | Trade Payable | | | | $108,870.30 |
| 15 | VEREIT 2325 East Camelback Rd Suite 1100 Phoenix AZ 85016 | Glenn Kindred gkindred@vereit.com | Rent | | | | $108,058.72 |
| 16 | Butler, Shine, Stern & Partner 20 Liberty Ship Way Sausalito CA 94965 | A. Bayer abayer@bssp.com | Trade Payable | | | | $106,997.70 |
| 17 | Dykes Restaurant Supply PO Box 5100 Huntsville AL 35814 | Fran Spinelli fspinelli@dykesfoodservice.com Facsimile No. 256-721-1365 | Trade Payable | | | | $104,963.36 |
| 18 | Outdoor Nation LLC 1807 Taft Highway Ste 1 Ste 1 Signal Mountain GA 37377 | Kim Clausen kim.clausen@outdoornation.net Facsimile No. 423-517-0075 | Trade Payable | | | | $102,825.26 |
| 19 | Squirrel Systems G.P. PMB 740 250 H Street Blaine WA 98230-4033 | K. Grewal kgrewal@squirrelsystems.com Facsimile No. 604-412-3399 | Trade Payable | | | | $93,725.00 |
| 20 | AO Smith Corporation 12024 Collection Center Drive Chicago IL 60693 | Darren Hyde dhyde@hotwater.com | Trade Payable | | | | $85,885.30 |
| 21 | Aramark Uniform & Career Appar 22808 Network Place Chicago IL 60673-1228 | Kelley Suzzanne Kelley-Suzzanne@aramark.com | Trade Payable | | | | $84,215.13 |
| 22 | IA Management LLC 62953 Collections Center Drive Chicago IL 60693-0629 | Chrissy Hart chrissy.hart@iamanagement.com | Rent | | | | $66,325.85 |
| 23 | Whitex Financial Inc 15 Roundup Drive Sedona AZ 86336 | Alec Deffis-Whittaker alec@deffis-whittaker.com | Rent | | | | $65,293.53 |
| 24 | Warren Logan's Ohio LLC 10 S. Howard St Ste 110 Baltimore MD 21201 | Helen C. Stephenson helen@otiswarren.com | Rent | | | | $64,117.15 |

Debtor    **Roadhouse Holding Inc., et al.**                                                      Case number *(if known)* **16-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | Blair Manassas, LLC 1489 Chain Bridge Rd Ste 202 Mclean VA 22101 | Steve Gotlinger bgotlinger@verizon.net / Steve.Georgilakis2@verizon.net | Rent | | | | $63,264.42 |
| 26 | Moody's PO Box 102597 Atlanta GA 30368-0597 | Donna Hamrah donna.hamrah@moodys.com Facsimile No. 212-298-6463 | Trade Payable | | | | $59,583.37 |
| 27 | NSF International Food Safety, Dept Lockbox 771380 PO Box 77000 Detriot MI 48277-1380 | Christine Andrews nsfbilling@nsf.org | Trade Payable | | | | $57,251.84 |
| 28 | John E Lewis 3125 Buttercup Lane Camarillo CA 93012 | | Rent | | | | $57,249.99 |
| 29 | 2 Combs Enterprises Inc 6562 E County Line Rd Rogersville MO 65742 | Chris Combs christopherlcombs.34@gmail.com | Trade Payable | | | | $54,843.75 |
| 30 | Sang S. Yi & Young Ae Yi 47 McMullen Lane Gurley AL 35748 | Sang S. Yi sammylee53@gmail.com | Rent | | | | $54,735.99 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. \_\_-\_\_\_\_\_ (\_\_\_)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Roadhouse Holding Inc., a Delaware corporation, and its subsidiaries, who are each debtors and debtors in possession in the above-captioned cases (each a "**Debtor**"), hereby state as follows:

1.      The direct equity interest holders of Roadhouse Holding Inc., their address, and the nature of their equity interests are as follows:

| Equity Holder | Nature of Interest Held | Unit Holdings and % Ownership |
|---|---|---|
| Kelso Investment Associates VIII, L.P. | Common Stock | 1,922,505 shares common stock 84.71% |
| KEP VI, LLC | Common Stock | 308,495 shares common stock 13.59% |
| Amy L. Bertauski | Common Stock | 10,000 shares common stock 0.44% |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716).  The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

| | | |
|---|---|---|
| Lynne D. Wildman | Common Stock | 5,000 shares common stock 0.22% |
| Scott Dever | Common Stock | 2,500 shares common stock 0.11% |
| Len VanPopering | Common Stock | 579 shares common stock 0.03% |
| Sam Borgese | Common Stock | 17,350 shares common stock 0.76% |
| David Cavallin | Common Stock | 3,000 shares common stock 0.13% |

2.      The subsidiary listed below is 100% owned by Roadhouse Holding Inc.:

- Roadhouse Intermediate Inc.

3.      The subsidiary listed below is 100% owned by Roadhouse Intermediate Inc.:

- Roadhouse Midco Inc.

4.      The subsidiary listed below is 100% owned by Roadhouse Midco Inc.:

- Roadhouse Parent Inc.

5.      The subsidiary listed below is 100% owned by Roadhouse Parent Inc.:

- LRI Holdings, Inc.

6.      The subsidiary listed below is 100% owned by LRI Holdings, Inc.:

- Logan's Roadhouse, Inc.

7.      The subsidiaries listed below are 100% owned by Logan's Roadhouse, Inc.:

- Logan's Roadhouse of Texas, Inc.
- Logan's Roadhouse of Kansas, Inc.

**ROADHOUSE HOLDING INC.**

**SECRETARY'S CERTIFICATE**

**Dated and effective as of August 7, 2016**

I, Edmund Schwartz, Secretary of Roadhouse Holding Inc., a Delaware corporation (the "***Company***"), do hereby certify the following at and as of the date first written above:

1.       I am the duly qualified, elected, and acting Secretary of the Company.

2.       On August 7, 2016, the directors of the Company (collectively, the "***Board***") duly convened a special meeting of the Board in accordance with section 2.05 of the Bylaws of the Company (the "***Bylaws***"), as adopted August 24, 2010, and at all times during the meeting a quorum of the Board (as determined in accordance with 2.07 of the Bylaws) was present.

3.       At that meeting, the Board adopted the following Resolutions, which were adopted in accordance with the Bylaws and are not inconsistent with the Bylaws:

      **WHEREAS**, the Board has reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses;

      **WHEREAS**, the Board has had the opportunity to consult with the management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company; and

      **WHEREAS**, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal and financial advisors as to the relative risks and benefits of pursuing a pre-negotiated plan of reorganization on the terms set forth in the Restructuring Support Agreement and the related term sheets attached thereto (in substantially the form of the draft thereof previously distributed to the Board by electronic mail or otherwise, collectively, the "***RSA***") under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***");

      **WHEREAS**, the Board has determined that it is fair, appropriate, advisable, necessary, and in the best interests of the Company, its equity holders, creditors, and other parties in interest to enter into the RSA and to pursue the negotiation, documentation, execution, and solicitation of a plan of reorganization substantially on the terms set forth in the RSA and a related disclosure statement to facilitate the performance of the transactions described in the RSA;

**WHEREAS,** the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal and financial advisors regarding the relief that would be necessary and advisable to obtain from the Bankruptcy Court to allow the Company to effectively transition into chapter 11 (collectively, the "***First Day Relief***");

**WHEREAS**, the Board has determined that it is fair, appropriate, advisable, necessary, and in the best interests of the Company, its equity holders, creditors, and other parties in interest to seek the First Day Relief should it seek protection under chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Board desires to approve the following Resolutions.

Chapter 11 Petition, RSA, and First Day Relief

**RESOLVED**, that in the judgment of the Board of the Company, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company (i) file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code, (ii) seek the First Day Relief, (iii) enter into the RSA, and (iv) pursue the transactions contemplated under the RSA;

**RESOLVED**, that Keith A. Maib, Nishant Machado, and Edmund Schwartz, each as authorized signatory or in any other capacity (each an "***Authorized Officers***," and collectively, the "***Authorized Officers***") acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

Debtor-in-Possession Financing

**RESOLVED**, that in connection with the commencement of the chapter 11 case, the Authorized Officers be, and hereby are, authorized, empowered and directed, in the name and on behalf of the Company to negotiate the use of cash collateral and to (i) authorize, negotiate, execute, and deliver a guarantee (the "***DIP Guarantee***") of a debtor-in-possession loan facility in the amount of $25 million provided under that certain Debtor-in-Possession Credit Agreement (the "***DIP Credit Agreement***"), by and among Logan's Roadhouse, Inc., the lenders party thereto from time to time (the "***DIP Lenders***"), and Cortland Capital Market Services LLC as agent (in such capacity, the "***DIP Agent***") and (ii) grant security

2

interests in favor of the DIP Agent and the DIP Lenders, to secure the obligations under the DIP Guarantee, in each instance, on the terms set forth in the RSA and such other terms and conditions as such Authorized Officers executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered, in the name and on behalf of the Company, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

Retention of Professionals

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ Mackinac Partners, LLC ("**Mackinac**") as restructuring financial advisor and to appoint two of Mackinac's professionals, namely Keith A. Maib and Nishant Machado, to serve as Chief Restructuring Officer of Finance and Chief Restructuring Officer of Operations, respectively, in connection with any case commenced by the Company under the Bankruptcy Code and all related matters;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ Donlin, Recano & Company, Inc. as claims and noticing agent and administrative advisors in connection with any case commenced by the Company under the Bankruptcy Code and all related matters;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ Jefferies LLC as financial advisor to the Company in connection with any case commenced by the Company under the Bankruptcy Code and all related matters;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations;

RESOLVED, that the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate

retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary;

<u>Further Actions and Prior Actions</u>

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such officer's or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified; and

**RESOLVED**, that a copy of these Resolutions of the Board shall be filed with the minutes of the proceedings of the Board.

4.    The foregoing Resolutions have not been amended, modified, repealed, or rescinded since adopted and are in full force and effect on and as of the date hereof.

*[remainder of page intentionally left blank]*

**COUNTERPART SIGNATURE PAGE TO**
**ROADHOUSE HOLDING INC.**
**SECRETARY'S CERTIFICATE**

IN WITNESS WHEREOF, the undersigned has executed this Certificate, effective as of the date first appearing above.

ROADHOUSE HOLDING INC.

By:  Edmund Schwartz
Its:  Secretary