## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ROADHOUSE HOLDING INC., | Case No. 16-11819 (___) |
| Debtor. | |
| Tax I.D. No. 27-4075939 | |
| In re: | Chapter 11 |
| ROADHOUSE INTERMEDIATE INC., | Case No. 16-11820 (___) |
| Debtor. | |
| Tax I.D. No. 27-4076159 | |
| In re: | Chapter 11 |
| ROADHOUSE MIDCO INC., | Case No. 16-11821 (___) |
| Debtor. | |
| Tax I.D. No. 27-4076337 | |
| In re: | Chapter 11 |
| ROADHOUSE PARENT INC., | Case No. 16-11822 (___) |
| Debtor. | |
| Tax I.D. No. 27-3425108 | |
| In re: | Chapter 11 |
| LRI HOLDINGS, INC., | Case No. 16-11823 (___) |
| Debtor. | |
| Tax I.D. No. 20-5894571 | |

| | |
|---|---|
| In re:<br><br>LOGAN'S ROADHOUSE, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 62-1602074 | Chapter 11<br><br>Case No. 16-11825 (___) |
| In re:<br><br>LOGAN'S ROADHOUSE OF TEXAS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 74-2902372 | Chapter 11<br><br>Case No. 16-11826 (___) |
| In re:<br><br>LOGAN'S ROADHOUSE OF KANSAS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 20-5948716 | Chapter 11<br><br>Case No. 16-11827 (___) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seek entry of an order, substantially in the form attached hereto as Exhibit A, directing the joint administration of the Debtors' chapter 11 cases. In support of this motion, the Debtors submit the *Declaration of Keith A. Maib in Support of Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed substantially contemporaneous herewith. In further support of this motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 101(2) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 1015-1 and 9013-1(m).

## Background

4.      On the date hereof (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Each Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

5.      Additional information regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the Petition Date, is more fully set forth in the First Day Declaration.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Relief Requested**

6. By this motion, the Debtors seek an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m), directing the joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Clerk of the United States Bankruptcy Court for the District of Delaware (the "**Clerk of the Court**") maintain one file and one docket for all of the jointly administered cases under the case number of Roadhouse Holding Inc. and that the Clerk of the Court administer the cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 16-11819 (___)<br><br>(Jointly Administered) |
|---|---|

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716). The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

7. In addition, the Debtors request that a docket entry, substantially similar to the following, be made on the docket of each of the Debtor's chapter 11 cases (except that of Roadhouse Holding Inc.):

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Roadhouse Holding Inc., Roadhouse Intermediate Inc., Roadhouse Midco Inc., Roadhouse Parent Inc., LRI Holdings, Inc., Logan's Roadhouse, Inc., Logan's Roadhouse of Texas, Inc., and Logan's Roadhouse of Kansas, Inc. **The docket in the chapter 11 case of Roadhouse Holding Inc., Case No. 16-11819 (___), should be consulted for all matters affecting this case**.

**Basis For Relief**

8.  Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of chapter 11 cases upon the filing of a motion supported by a declaration establishing that joint administration of two or more pending cases will ease the administrative burden of the Court and the parties.

9.  As described in the First Day Declaration, Roadhouse Intermediate Inc., Roadhouse Midco Inc., Roadhouse Parent Inc., LRI Holdings, Inc., Logan's Roadhouse, Inc., Logan's Roadhouse of Texas, Inc., and Logan's Roadhouse of Kansas, Inc. are directly or indirectly-owned 100% subsidiaries of Roadhouse Holding Inc. and, therefore, all these Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. Given the commercial and corporate relationships among the Debtors, joint administration of these chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these chapter 11 cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Moreover, joint administration will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware and allow all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

10. Further, joint administration of these chapter 11 cases will not give rise to any conflicts of interest among the Debtors' estates, nor will it prejudice or adversely affect the rights

of the Debtors' creditors, because the Debtors seek only administrative, not substantive, consolidation of their estates.  Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these cases.

11.    For these reasons, the Debtors respectfully submit that the joint administration of these cases is appropriate and is in the best interests of the Debtors, their estates, their creditors and all other parties in interest, and therefore this motion should be granted.

### **Notice**

12.    Notice of this motion has been provided to the following parties:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel to JPMorgan Chase Bank, N.A., as Administrative Agent under the Credit Agreement, dated as of October 4, 2010; (vi) counsel to BOKF, N.A., as Trustee under that certain Senior Secured Notes Indenture, dated October 4, 2010; (vii) counsel to Wells Fargo Bank, N.A., as Trustee under the Series 2015-1 Supplemental Indenture and Series 2015-2 Supplemental Indenture, each dated as of October 15, 2015, and the Second Series 2015-1 Supplemental Indenture, dated as of October 22, 2015; (viii) each of the counsel to the noteholders who are party to the Restructuring Support Agreement, dated as of August 8, 2016, and who are proposed debtor in possession lenders; (ix) the Debtors' cash management banks; and (x) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis).  Notice of this motion and any order entered on this motion will be served as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, directing the joint administration of these chapter 11 cases, and (b) grant such other and further relief as is just and proper.

| | | |
|---|---|---|
| Dated: | Wilmington, Delaware<br>August 8, 2016 | */s/ Elizabeth S. Justison*<br>Young Conaway Stargatt & Taylor, LLP<br>Robert S. Brady (No. 2847)<br>Edmon L. Morton (No. 3856)<br>Ryan M. Bartley (No. 4985)<br>Elizabeth S. Justison (No. 5911)<br>Norah M. Roth-Moore (No. 6125)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Tel:  (302) 571-6600<br>Fax:  (302) 571-1253<br>Email: rbrady@ycst.com<br>        emorton@ycst.com<br>        rbartley@ycst.com<br>        ejustison@ycst.com<br>        nroth-moore@ycst.com<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br>ROADHOUSE HOLDING INC., <br><br>               Debtor. <br><br>Tax I.D. No. 27-4075939 | Chapter 11 <br><br>Case No. 16-11819 (___) |
| In re: <br><br>ROADHOUSE INTERMEDIATE INC., <br><br>               Debtor. <br><br>Tax I.D. No. 27-4076159 | Chapter 11 <br><br>Case No. 16-11820 (___) |
| In re: <br><br>ROADHOUSE MIDCO INC., <br><br>               Debtor. <br><br>Tax I.D. No. 27-4076337 | Chapter 11 <br><br>Case No. 16-11821 (___) |
| In re: <br><br>ROADHOUSE PARENT INC., <br><br>Debtor. <br><br>Tax I.D. No. 27-3425108 | Chapter 11 <br><br>Case No. 16-11822 (___) |
| In re: <br><br>LRI HOLDINGS, INC., <br><br>Debtor. <br><br>Tax I.D. No. 20-5894571 | Chapter 11 <br><br>Case No. 16-11823 (___) |

| | |
|---|---|
| In re:<br><br>LOGAN'S ROADHOUSE, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 62-1602074 | Chapter 11<br><br>Case No. 16-11825 (___) |
| In re:<br><br>LOGAN'S ROADHOUSE OF TEXAS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 74-2902372 | Chapter 11<br><br>Case No. 16-11826 (___) |
| In re:<br><br>LOGAN'S ROADHOUSE OF KANSAS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 20-5948716 | Chapter 11<br><br>Case No. 16-11827 (___) |

**ORDER DIRECTING THE JOINT ADMINISTRATION**
**OF THE DEBTORS' CHAPTER 11 CASES**

Upon consideration of the motion (the "**Motion**")[1] of the Debtors, pursuant to sections 101(2) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rules 1015-1 and 9013-1(m), for an order (this "**Order**") directing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. These chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

3. The Clerk of the Court shall maintain one file and one docket for all of these chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Roadhouse Holding Inc., Case No. 16-11819 (____).

4. All pleadings filed in these chapter 11 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-11819 (___)<br><br>(Jointly Administered) |
|---|---|

---

<sup>1</sup> The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716).  The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

5. The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

6. The Clerk of the Court shall make a docket entry in each Debtor's chapter 11 case (except that of Roadhouse Holding Inc.) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Roadhouse Holding Inc., Roadhouse Intermediate Inc., Roadhouse Midco Inc., Roadhouse Parent Inc., LRI Holdings, Inc., Logan's Roadhouse, Inc., Logan's Roadhouse of Texas, Inc., and Logan's Roadhouse of Kansas, Inc.  **The docket in the chapter 11 case of Roadhouse Holding Inc., Case No. 16-11819 (___), should be consulted for all matters affecting this case**.

7. One consolidated docket, one file and one consolidated service list shall be maintained for the chapter 11 cases by the Debtors and kept by the Clerk of the Court.

8. The Debtors and the Clerk of the Court are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the chapter 11 cases.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5

12.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
      Wilmington, Delaware

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE