## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16 -11819 (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE
(I) CONTINUED USE OF THEIR EXISTING CASH MANAGEMENT SYSTEM AND
(II) USE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS;
(B) AUTHORIZING PAYMENTS OF PREPETITION COSTS AND FEES
ASSOCIATED WITH CUSTOMER CREDIT AND DEBIT CARD TRANSACTIONS;
(C) WAIVING THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY
CODE ON AN INTERIM BASIS; AND (D) GRANTING CERTAIN RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seek entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to (i) continue to maintain their existing cash management system and (ii) maintain existing bank accounts and business forms, and in connection with the foregoing, granting the Debtors a waiver of certain bank account and related requirements of the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") to the extent that such requirements are inconsistent with the Debtors' practices in connection with their existing cash management system or any action taken by the Debtors in accordance with the Proposed Order or any other order entered in these chapter 11 cases; (b) authorizing, but not directing, the Debtors, in their discretion, to pay or otherwise satisfy all prepetition costs and fees associated with customer credit and debit card transactions; (c) waiving the requirements of

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716).  The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

section 345(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") on an interim basis with respect to the Debtors' deposit practices; and (d) granting certain related relief.  In support of this motion, the Debtors submit the *Declaration of Keith A. Maib in Support of Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**").  In further support of this motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 345(b), 363, 1107(a), and 1108 of the Bankruptcy Code, Rules 2015, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2015–2.

### Background

4.      On the date hereof (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Each Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have requested that these chapter 11 cases be consolidated for procedural purposes.  As of the date hereof, no trustee, examiner or statutory committee has been appointed in these chapter 11 cases.

5.       Additional information regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the Petition Date, is more fully set forth in the First Day Declaration.

**The Debtors' Cash Management System**

6.       Prior to the Petition Date and in the ordinary course of business, the Debtors maintained approximately 248 bank accounts (each a "**Bank Account**" and, collectively, the "**Bank Accounts**") which formed their cash management system (the "**Cash Management System**").  A list of the Bank Accounts is attached hereto as **Exhibit B**.  A schematic depicting the movement of cash through the Cash Management System is attached hereto as **Exhibit C**.

7.       The Debtors maintain their primary non-depository accounts with Wells Fargo Bank, NA ("**Wells Fargo**").  All accounts are held by Logan's Roadhouse, Inc. ("**Logan's**"). The specific accounts held at Wells Fargo are:

- **"Concentration Account."**  This account is the Debtors' primary operating account into which most of the Debtors' cash is concentrated.

- **"LBW (Fintech)."**  This account is used by Fintech, an outside payment aggregator who assists the Debtors in the purchase of alcoholic beverages.  It is a zero balance account ("**ZBA**") that is funded automatically from the Concentration Account as electronic debits for liquor sales are drawn against it.

- **"LBW (Restaurant Level Checking)."**  Approximately eighty-six (86) of the Debtors' restaurants are not supplied in full by Fintech-affiliated vendors and, accordingly, the restaurants are set up to print checks drawn from this Bank Account that are used for the purchase of alcoholic beverages from Fintech-affiliated vendors.  This account is a ZBA linked to the Concentration Account.

- **"Electronic Disbursement."**  This Bank Account is a ZBA used to make electronic wire and ACH payments to vendors and also receives weekly deposits

of funds from the restaurant-level accounts maintained at Regions Bank, N.A. ("**Regions**").  This account is a ZBA linked to the Concentration Account.

- **"Accounts Payable Disbursement."**   All checks issued from the Debtors' accounts payable system are drawn on this account. This account is a ZBA linked to the Concentration Account.

- **"Payroll Disbursement."**  This Bank Account is used when the Debtors need to disburse payroll to employees outside of their regular third-party processor.  Most of the Debtors' employees are paid through Automatic Data Processing, Inc. and, accordingly, this Bank Account is rarely used.  It is a ZBA that is linked to the Concentration Account.

- **"Sales Tax."**  This Bank Account is used by taxing authorities to collect funds for sales tax.  The applicable authorities present debits against this account for the applicable tax amounts, and the account is a ZBA linked to the Concentration Account.

- **"Amex" and "Visa/MC."**  The Debtors accept all major credit cards, including American Express ("**Amex**"), Visa, Discover, and MasterCard, as well as the University of Kentucky's ("**UK**") student meal card at select locations.  Amex and UK provide their own credit card processing, and the Debtors use Vantiv, Inc. ("**Vantiv**" and with Amex and UK, the "**Processors**") for all other credit/debit card processing.  The Debtors receive funds electronically each business day from the Processors, other than UK, with funds from Amex deposited into the Amex Bank Account, and funds from Visa, Discover, MasterCard, and Vantiv deposited into the Visa/MC Bank Account.   Both accounts are ZBAs linked to the Concentration Account.  Pursuant to the terms of the Debtors' agreements and relationships with the Processors, the Debtors are required to pay the Processors certain fees (collectively, the "**Credit Card Processing Fees**") for their credit card processing services, certain amounts of which may have accrued, but remain unpaid, as of the Petition Date.  Except with respect to Vantiv, who separately debits the Visa/MC Bank Account for its fees, funds from credit card transactions are remitted net of Credit Card Processing Fees.  UK remits the amounts owed to the Debtors by check on a monthly basis, net of its Credit Card Processing Fees.  Through this Motion, the Debtors seek authority, but not direction, in their discretion, to pay or otherwise satisfy any prepetition obligations on account of the Credit Card Processing Fees and to continue paying the Credit Card Processing Fees in the ordinary course.

- **"Corporate Depository Account."**   From time to time, the Debtors receive payments in the form of checks, rather than electronic payment.  When they receive such checks, they are deposited into this Bank Account, which is a ZBA linked to the Concentration Account.

- **"Gift Card Settlement."**   Interactive Communications International, Inc. and Blackhawk Network, Inc. are third parties authorized to market and sell gift cards

to the Debtors' restaurants in various online and "bricks and mortar" retail locations. The proceeds of those gift card sales, net of applicable fees incurred with respect to such sales, are deposited into this Bank Account, which is a ZBA linked to the Concentration Account.

8.     The Debtors' remaining Bank Accounts are maintained by Fifth Third Bank, N.A. ("**Fifth Third**," together with Regions and Wells Fargo, collectively, the "**Banks**") and Regions. The Bank Accounts maintained at Fifth Third and Regions are restaurant-specific and all funds ultimately go to the Concentration Account.

9.     Most of the Debtors' restaurants[2] are serviced by a Remote Currency Manager Service (the "**RCM**") offered by Firth Third and supported by The Brink's Company ("**Brink's**"). Brinks provides in-restaurant safes (Compusafe) that are capable of performing real-time analysis of cash "deposits" into such safes and an armored car service that retrieves funds from the Debtors' restaurants. The Debtors receive provisional credit from Fifth Third into separate, store-specific accounts based on the amounts deposited into the respective Compusafe at each Brink's-serviced restaurant. The Compusafe system communicates with Fifth Third at approximately 3:00 a.m., and Fifth Third provides the Debtors with provisional credit based on the amount reported as deposited. True-ups occur when the funds are physically retrieved by Brink's from each store's safe and delivered to Fifth Third. The restaurant-level Fifth Third Bank Accounts are swept daily into a concentration account at Fifth Third, and the balance of the Fifth Third concentration account is wired to the Concentration Account on a daily basis. Fifth Third is paid a monthly fee per account of approximately $180, which is automatically debited from the Fifth Third Accounts.

---

[2]     223 of the Debtors' restaurants are serviced by Brink's.

10.     The Debtors' remaining seven (7) restaurants are not able to be serviced by Brink's and, therefore, maintain Bank Accounts with Regions.  Daily deposits of funds from each of these restaurants are made at Regions into separate, restaurant-level accounts, which funds are swept on a daily basis to a concentration account at Regions.  The funds maintained in the concentration account at Regions are wired to the Concentration Account on a weekly basis, and the average weekly sweep from this account to the Concentration Account has been approximately $95,000.00 over the last quarter.

## Relief Requested

11.     The Debtors request entry of an order, pursuant to sections 105(a), 345(b), 363, 1107, and 1108(a) of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-2: (a) authorizing the Debtors to (i) continue to maintain their existing Cash Management System and (ii) maintain their existing Bank Accounts and business forms and, in connection with the foregoing, granting the Debtors a waiver of certain bank account and related requirements of the U.S. Trustee to the extent that such requirements are inconsistent with the Debtors' practices in connection with their existing Cash Management System or any action taken by the Debtors in accordance with the Proposed Order or any other order entered in these chapter 11 cases; (b) authorizing, but not directing, the Debtors, in their discretion, to pay or otherwise satisfy all prepetition costs and fees associated with customer credit and debit card transactions and the Debtors' cash register system; (c) waiving the requirements of section 345(b) of the Bankruptcy Code on an interim basis with respect to the Debtors' deposit practices; and (d) granting certain related relief.

01:18789855.10

**Basis for Relief**

A.      **The Continued Use of the Cash Management System, Including Bank Accounts, and Payment of Related Fees and Expenses is in the Best Interests of the Debtors, Their Creditors, and All Parties in Interest**

12.      The Debtors seek authority to continue to operate the Cash Management System, on a postpetition basis, as described herein.  The Cash Management System constitutes ordinary course and essential business practices providing significant benefits to the Debtors, including, among other things, the ability to control corporate funds, ensure the maximum availability of funds and, where necessary, reduce borrowing costs and administrative expenses by facilitating the movement of funds, and the development of more timely and accurate account balance information.  Disrupting their current Cash Management System would impair the Debtors' ability to optimize their business performance at this critical time as they begin the chapter 11 process.  Maintenance of the existing Cash Management System will prevent undue disruption to the Debtors' business operations while protecting the Debtors' cash for the benefit of their estates.  Requiring the Debtors to change their Cash Management System at this critical time would cause unnecessary disruption to the Debtors and their business affairs.  Based upon the foregoing, maintenance of the existing Cash Management System is in the best interests of the Debtors and their estates.

13.      Moreover, the relief sought by the Debtors herein is contemplated by the Bankruptcy Code.  Section 363(c)(1) of the Bankruptcy Code authorizes debtors in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).  The purpose of section 363(c)(1) of the Bankruptcy Code is to provide debtors in possession with the flexibility to engage in the ordinary transactions required to operate their business without unnecessary oversight by their creditors or the court.

01:18789855.10

14.     The Court may also exercise its equitable powers to grant the relief requested herein.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title."  11 U.S.C. § 105(a). Continuing the Debtors' Cash Management System without interruption is vital to the efficient and economic administration of these chapter 11 cases.

15.     The Debtors also request that no Bank that honors a pre-petition check or other item drawn on any account that is the subject of this motion (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such pre-petition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of reasonable item handling procedures, be deemed to be liable to the Debtors or to their estates on account of such pre-petition check or other item being honored post-petition or otherwise in violation of the Proposed Order (when and if entered).  The Debtors believe that such flexibility accorded to the Banks is necessary to induce the Banks to continue providing cash management services without additional credit exposure.

**B.     Maintenance of the Debtors' Existing Checks and Business Forms is Warranted**

16.     The Debtors further request from the Court a waiver of certain bank account and related requirements (including, without limitation, the operating guidelines established by the U.S. Trustee that require debtors to close all pre-petition bank accounts, open new accounts designated as debtor-in-possession accounts, and to provide new business forms and stationary) of the U.S. Trustee to the extent that such requirements are inconsistent with (i) the Debtors' practices in connection with their Cash Management System or (ii) any action taken by the Debtors in accordance with the Proposed Order or any other order entered in these chapter 11 cases.

17.     The U.S. Trustee's "Operating Guidelines for Chapter 11 Cases" (the "**U.S. Trustee Guidelines**") mandate, among other things, the closure of the Debtors' prepetition bank accounts and the opening of new accounts as a result of the filing of the Debtors' chapter 11 petitions.  If the Debtors are required to comply with these requirements, their operations would be severely harmed by the disruption, confusion, delay, and cost that most certainly would result from the closure of their existing Bank Accounts.

18.     The Debtors believe that the transition to chapter 11 will be more orderly, with a minimum of harm to operations, if all Bank Accounts are continued following the Petition Date with the same account numbers.  By preserving business continuity and avoiding the disruption and delay to the Debtors' collection and disbursement procedures that would necessarily result from closing the Bank Accounts and opening new accounts, all parties in interest will be best served.

19.     In addition to mandating the closure of the Debtors' prepetition bank accounts, the U.S. Trustee Guidelines require the immediate printing of new checks with the label "Debtors-in-Possession."   Pursuant to Local Rule 2015-2(a), and to avoid disruption to its business and to minimize expenses, the Debtors respectfully request authorization to continue to use existing check stock (collectively, the "**Business Forms**"), substantially in the forms existing immediately before the Petition Date.  To the extent that it is not pre-printed, the Debtors will indicate their status as debtors in possession by printing "Debtors in Possession" on any of their Business Forms or in wire transfer instructions.

20.     In other chapter 11 cases, bankruptcy courts have recognized that strict enforcement of bank account closing requirements does not serve the rehabilitative process of chapter 11.  Bankruptcy courts routinely permit debtors to continue using their existing cash

01:18789855.10

9

management systems, generally treating requests for such relief as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also Official Comm. of Unsecured Creditors v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1061 (3d Cir. 1993) (noting with approval the bankruptcy court's finding that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient"); *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 167, 621 (11th Cir. 1985) (holding that the debtor's post-petition use of their pre-petition "routine case management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code).

21.    Further, the continued post-petition use of cash management systems has been approved as a routine matter in other bankruptcy cases in this district. *See, e.g., In re Namco, LLC*, Case No. 13-10610 (PJW) (Bankr. D. Del. April 29, 2013) (authorizing debtors to continue using cash management system, maintain existing bank accounts, and waive deposit requirements of section 345(b) of the Bankruptcy Code).

22.    Here, the Debtors' continued use of the Cash Management System and Business Forms will allow the Debtors an orderly transition to post-petition operations with minimal disruption to the Debtors' businesses.

**C.    The Debtors Must be Permitted to Satisfy Any Prepetition Credit Card Processing Fees**

23.    The Debtors, operating their businesses as debtors in possession under section 1107(a) and 1108 of the Bankruptcy Code, are fiduciaries "holding the bankruptcy estate and operating the business for the benefit of [their] creditors." *In re CoServ, L.L.C.,* 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor in possession is the

duty to "protect and preserve the estate, including an operating business's going-concern value."

*Id.*

24.    The *CoServ* court specifically noted that pre-plan satisfaction of pre-petition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.* at 498.  The court provided a three-pronged test for determining whether a pre-plan payment on account of a pre-petition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's pre-petition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.* at 498.

25.    Satisfying the Credit Card Processing Fees, including any pre-petition obligations on account thereof, meets each element of the *CoServ* court's standard.  Not surprisingly, a significant percentage of the Debtors' revenues are generated from credit and debit card sales. The Debtors therefore believe that they can only meet their fiduciary duties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code by having the authority, but not the direction, of this Court to satisfy any outstanding pre-petition obligations on account of the Credit Card Processing Fees.

26.    The Court may also authorize the payment of the Credit Card Processing Fees pursuant to section 363(b) of the Bankruptcy Code.  Section 363(b) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under this section, a court may authorize a

debtor to pay certain pre-petition claims. *See In re Ionosphere Clubs*, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing payment of pre-petition claims where the debtors "articulate some business justification, other than the mere appeasement of major creditors"); *see also In re James A. Phillips, Inc.,* 29 B.R. 391, 395-97 (S.D.N.Y. 1983) (authorizing, pursuant to section 363, a contractor to pay pre-petition claims of some suppliers who were potential lien claimants because the payments were necessary for the general contractors to release funds owed to the debtors).

27.    Additionally, section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 175. Under section 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Court "can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992); *see also In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (stating the necessity of payment doctrine "teaches no more than, if payment of a claim which arose prior to reorganization is essential to the continued operation of the [business] during reorganization, payment may be authorized even if it is made out of corpus."); *In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) ("to invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is 'critical to the debtor's reorganization'") (citation omitted).

28.    In light of the Debtors' need to maximize value for the benefit of all creditors, the relief requested herein is proper and should be granted. Approximately 77% of the Debtors'

daily customer revenues is in the form of credit card transactions and on average, the Debtors receive $10 to $10.5 million in credit/debit card settlements each week.  The success of the Debtors' chapter 11 efforts is dependent upon, among other things, the ability to process customer credit and debit card transactions.  In the Debtors' business judgment, the ability to pay the Credit Card Processing Fees, including any related pre-petition amounts, is critical to the Debtors' successful prosecution of these chapter 11 cases.  Any inability on the Debtors' part to continue to satisfy pre-petition obligations with respect to the Credit Card Processing Fees would threaten the Debtors' ability to continue to accept those credit cards, thereby disrupting their customers' experience and potential depriving the Debtors of significant revenue while they try to find replacements for the Processors.  Finally, because the Processors are responsible for remitting the actual funds from credit card transactions to the Debtors, they may assert administrative holds against funds owing to the Debtors to allow them time to adjudicate any setoff rights they have with respect to the Credit Card Processing Fees.  Given the disparity in amount between the Credit Card Processing Fees and the respective amounts owed to the service providers, the Debtors would be deprived of substantial liquidity and their operations will be disrupted if they are forced to engage in such litigation.  Accordingly, the Debtors believe that the relief requested herein is warranted and a sound exercise of business judgment.

29.    In light of the foregoing, the Debtors submit that the relief requested herein with respect to the Credit Card Processing Fees is necessary, prudent, and in the best interests of their estates and creditors and should therefore be granted.

01:18789855.10

**D.      Waiver of Section 345 of the Bankruptcy Code on an Interim Basis is Warranted**

30.     Upon information and belief, all of the Debtors' Bank Accounts are maintained at authorized depositories; however, the Debtors are requesting an interim waiver of the requirements of section 345(b) of the Bankruptcy Code out of an abundance of caution.

31.     Section 345 of the Bankruptcy Code governs the Debtors' deposit and investment of cash during a chapter 11 case and authorizes deposits or investments of money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code requires the estate to obtain from the entity with which the money is deposited or invested a bond in favor of the United States that is secured by the undertaking of an adequate corporate surety, unless the Court for cause orders otherwise.  In the alternative, the estate may require the entity to deposit governmental securities pursuant to 31 U.S.C. § 9303, which provides that when a person is required by law to give a surety bond, that person, in lieu of a surety bond, may provide a governmental obligation.

32.     A court may, however, relieve a debtor in possession of the restrictions imposed by section 345(b) of the Bankruptcy Code for "cause."  11 U.S.C. § 345(b).  Consistent with section 345(b) of the Bankruptcy Code, Local Rule 2015-2(b) provides that no waiver of section 345 "shall be granted by the Court without notice and an opportunity for hearing in accordance with these Local Rules."  Del. Bankr. L.R. 2015-2(b).  However, Local Rule 2015-2(b) further provides that "if a motion for such waiver is filed on the first day of a chapter 11 case in which there are more than 200 creditors, the Court may grant an interim waiver until a hearing on the debtors' motion can be held."  *Id.*

33.     As this motion is being filed on the first day of the Debtors' chapter 11 cases and the Debtors have in excess of 200 creditors, the Debtors request that the Court enter an order waiving, on an interim basis, the requirements of section 345(b) of the Bankruptcy Code for thirty (30) days, without prejudice to the Debtors' ability to seek a further interim or final waiver. As noted above, all of the Debtors' Bank Accounts are believed by the Debtors to be maintained at authorized depositories.  Therefore, the Bank Accounts are likely already in compliance with the requirements of section 345(b) of the Bankruptcy Code.  However, out of an abundance of caution, the Debtors seek additional time to ensure that all of their Bank Accounts are in compliance with section 345(b) of the Bankruptcy Code.

34.     Given the structure and relative security of the Cash Management System, the Debtors submit that cause exists to grant an interim waiver of the requirements of section 345(b) of the Bankruptcy Code in the manner requested herein.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

35.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to use property of the estate within 21 days after the Commencement Date if the relief is necessary to avoid immediate and irreparable harm.  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

36.     As described above, authorizing the Debtors to maintain their Cash Management System and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases.  Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors'

operations at this critical junction.  Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support the relief requested on the terms described herein.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

37.     To successfully implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).

### Reservation of Rights

38.     Nothing herein or the Proposed Order (when and if entered), nor as a result of any payment made pursuant to the Proposed Order (when and if entered), shall be deemed or construed as (a) an admission as to the validity, priority, or amount of any claim against the Debtors or their estates or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of any of the rights of the Debtors and their estates, or shall impair the ability of the Debtors and their estates, to contest the validity, priority, and amount of any claim or any payment made pursuant to the Proposed Order (when and if entered).

### Notice

39.     Notice of this motion has been provided to the following parties:  (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel to JPMorgan Chase Bank, N.A., as Administrative Agent under the Credit Agreement, dated as of October 4, 2010; (vi) counsel to BOKF, N.A., as Trustee under that certain Senior Secured Notes Indenture, dated October 4, 2010; (vii) counsel to Wells Fargo Bank, N.A., as Trustee under the Series 2015-1 Supplemental Indenture and Series 2015-2

01:18789855.10

Supplemental Indenture, each dated as of October 15, 2015, and the Second Series 2015-1 Supplemental Indenture, dated as of October 22, 2015; (viii) each of the counsel to the noteholders who are party to the Restructuring Support Agreement, dated as of August 8, 2016, and who are proposed debtor in possession lenders; (ix) the Debtors' cash management banks; and (x) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis). Notice of this motion and any order entered on this motion will be served as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Previous Request**

40. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[remainder of page intentionally left blank]*

01:18789855.10

WHEREFORE the Debtors respectfully request that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated:  Wilmington, Delaware       */s/ Ryan M. Bartley*
        August 8, 2016             **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                                   Robert S. Brady (No. 2847)
                                   Edmon L. Morton (No. 3856)
                                   Ryan M. Bartley (No. 4985)
                                   Elizabeth S. Justison (No. 5911)
                                   Norah M. Roth-Moore (No. 6125)
                                   Rodney Square
                                   1000 North King Street
                                   Wilmington, Delaware 19801
                                   Tel:    (302) 571-6600
                                   Fax:    (302) 571-1253
                                   Email: rbrady@ycst.com
                                          emorton@ycst.com
                                          rbartley@ycst.com
                                          ejustison@ycst.com
                                          north-moore@ycst.com

                                   *Proposed Counsel for the Debtors and Debtors in*
                                   *Possession*

01:18789855.10

**EXHIBIT A**

**Proposed Order**

01:18789855.10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ROADHOUSE HOLDING INC., *et al.*,[1] | Case No. 16-11819 (___) |
|  | (Jointly Administered) |
| Debtors. |  |
|  | **Re: Docket No. ___** |

## ORDER (A) AUTHORIZING THE (I) CONTINUED USE OF THE DEBTORS' EXISTING CASH MANAGEMENT SYSTEM AND (II) USE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS; (B) AUTHORIZING PAYMENTS OF PREPETITION COSTS AND FEES ASSOCIATED WITH CUSTOMER CREDIT AND DEBIT CARD TRANSACTIONS; (C) WAIVING THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE ON AN INTERIM BASIS; AND (D) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for an order (this "**Order**"), pursuant to sections 105(a), 345(b), 363, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-2, (a) authorizing the Debtors to (i) continue to maintain their Cash Management System and (ii) maintain their Bank Accounts and Business Forms, and in connection with the foregoing, granting the Debtors a waiver of certain bank account and related requirements of the U.S. Trustee Guidelines to the extent that such requirements are inconsistent with the Debtors' practices in connection with their Cash Management System or any action taken by the Debtors in accordance with this Order or any other order entered in these chapter 11 cases; (b) authorizing, but not directing, the Debtors, in their discretion, to pay or otherwise satisfy all prepetition Credit Card Processing Fees; (c) waiving the requirements of section

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716).  The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

345(b) of the Bankruptcy Code on an interim basis with respect to the Debtors' deposit practices; and (d) granting certain related relief, as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to continue to maintain, operate, make transfers under, and otherwise use their Cash Management System in the ordinary course of their business and in the same manner as the Debtors implemented and maintained the Cash Management System prior to the Petition Date.

3.      The Debtors, Fifth Third, and Brink's are authorized to continue to utilize and operate the RCM system on a post-petition basis.

01:18789855.10

4.      The Debtors are authorized to (a) designate, maintain, and continue to use any or all of the Bank Accounts in the names and with the account numbers existing immediately prior to the Petition Date, (b) deposit funds into and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers, and other debits, and (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

5.      The Debtors are authorized, but not directed, in their discretion, to pay or otherwise satisfy all pre-petition Credit Card Processing Fees and any related pre-petition obligations in accordance with the Debtors' pre-petition policies and practices and to continue paying Credit Card Processing Fees in the ordinary course.

6.      The Banks are hereby authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by a Bank only if specifically authorized by order of this Court.

7.      Except for those checks that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

8.      Notwithstanding any other provision of this Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the

01:18789855.10

3

direction of the Debtors, (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates on account of such pre-petition check or other item being honored post-petition or otherwise in violation of this Order.

9.      The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their discretion; provided, however, that the Debtors give notice thereof within fifteen (15) days to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases; provided further, however, that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to promptly execute such an agreement.  Notwithstanding the foregoing, the Debtors must receive written consent from the agent under the Debtors' debtor-in-possession financing facilities to open any new Bank Accounts.

10.     The Debtors are authorized to continue to use their existing checks without alteration and without the designation "Debtors-in-Possession" imprinted upon them; provided that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtors-in-Possession" on all checks; provided further that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtors-in-Possession" legend on such items within ten (10) days of the date of entry of this Order.

11.     The Banks are hereby authorized to debit from the Bank Accounts ordinary course of business bank fees and charges without further order of this Court provided that such

01:18789855.10

ordinary course fees and charges are authorized under the applicable account agreement with the Debtors and provided further that nothing set forth herein shall authorize any Bank to debit any claim or charges not in the ordinary course of business and not permitted under applicable account agreements.

12.     Each of the Debtors' Banks is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for:  (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtors' accounts with such Bank prior to filing of the Petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of the Petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

13.     Each of the Debtors' Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to filing of the Petition should be honored pursuant to this Order or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

14.     The requirements provided in section 345(b) of the Bankruptcy Code are hereby WAIVED as to the Bank Accounts for an interim period of thirty (30) days, without prejudice to the Debtors' rights to seek a further waiver.

01:18789855.10

15.     With respect to the Banks at which the Debtors hold accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days from the date of entry of this Order the Debtors shall (i) contact each such Bank, (ii) provide the Bank with the Debtors' employer identification numbers, and (iii) identify each of the accounts held at such Banks as being held by a debtor in possession.

16.     For banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

17.     Within five (5) business days of the entry of this Order, the Debtors shall serve a copy of this Order on each Bank.

18.     Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, priority, or amount of any claim against the Debtors or their estates or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of the rights of the Debtors and their estates, or shall impair the ability of the Debtors and their estates, to contest the validity, priority and amount of any claims or any payment made pursuant to this Order.

19.     Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the

01:18789855.10

6

requirements imposed on the Debtors under the orders of this Court approving the Debtors' debtor-in-possession financing facilities and use of cash collateral and budget in connection therewith.

20.     In the ordinary course of their business post-petition in accordance with their pre-petition policies and practices, the Debtors shall continue to maintain records related to any intercompany transfers and disbursements so that such transactions can be ascertained, traced, and accounted for.

21.     Notwithstanding use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

22.     The requirements set forth in Bankruptcy Rule 6003(b) have been satisfied.

23.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

24.     The requirements of Bankruptcy Rule 6004(a) are waived.

25.     The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

26.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.


Dated: _____
          Wilmington, Delaware

_____
          UNITED STATES BANKRUPTCY JUDGE


01:18789855.10

# EXHIBIT B

## Bank Accounts[1]

| Bank | Account Description | Last Four Digits of Bank Account Number |
|---|---|---|
| Wells Fargo Bank, NA | Payroll | 5730 |
| Wells Fargo Bank, NA | Accounts Payable | 5743 |
| Wells Fargo Bank, NA | LBW Checking | 0119 |
| Wells Fargo Bank, NA | Concentration | 0000 |
| Wells Fargo Bank, NA | LBW Fintech | 8546 |
| Wells Fargo Bank, NA | Sales Tax | 1449 |
| Wells Fargo Bank, NA | American Express | 9671 |
| Wells Fargo Bank, NA | Visa/MasterCard | 9781 |
| Wells Fargo Bank, NA | Gift Card Settlement | 9399 |
| Wells Fargo Bank, NA | Electronic Disbursements | 5756 |
| Wells Fargo Bank, NA | Corporate Depository | 0181 |
| Regions Bank | Restaurant-level Account | 0332 |
| Regions Bank | Restaurant-level Account | 0949 |
| Regions Bank | Restaurant-level Account | 0957 |
| Regions Bank | Restaurant-level Account | 0965 |
| Regions Bank | Restaurant-level Account | 0515 |
| Regions Bank | Restaurant-level Account | 0523 |
| Regions Bank | Restaurant-level Account | 0531 |
| Fifth Third Bank | Restaurant-level Account | 0574 |
| Fifth Third Bank | Restaurant-level Account | 5662 |
| Fifth Third Bank | Restaurant-level Account | 0525 |
| Fifth Third Bank | Restaurant-level Account | 0533 |
| Fifth Third Bank | Restaurant-level Account | 5774 |
| Fifth Third Bank | Restaurant-level Account | 5782 |
| Fifth Third Bank | Restaurant-level Account | 5733 |
| Fifth Third Bank | Restaurant-level Account | 0541 |
| Fifth Third Bank | Restaurant-level Account | 6780 |
| Fifth Third Bank | Restaurant-level Account | 5683 |
| Fifth Third Bank | Restaurant-level Account | 5670 |
| Fifth Third Bank | Restaurant-level Account | 5717 |

---

[1] All accounts are in the name of Debtor Logan's Roadhouse, Inc.

| Bank | Account Description | Last Four Digits of Bank Account Number |
|---|---|---|
| Fifth Third Bank | Restaurant-level Account | 8590 |
| Fifth Third Bank | Restaurant-level Account | 5592 |
| Fifth Third Bank | Restaurant-level Account | 7190 |
| Fifth Third Bank | Restaurant-level Account | 5808 |
| Fifth Third Bank | Restaurant-level Account | 5688 |
| Fifth Third Bank | Restaurant-level Account | 7208 |
| Fifth Third Bank | Restaurant-level Account | 5634 |
| Fifth Third Bank | Restaurant-level Account | 5618 |
| Fifth Third Bank | Restaurant-level Account | 5696 |
| Fifth Third Bank | Restaurant-level Account | 5725 |
| Fifth Third Bank | Restaurant-level Account | 0558 |
| Fifth Third Bank | Restaurant-level Account | 6640 |
| Fifth Third Bank | Restaurant-level Account | 6657 |
| Fifth Third Bank | Restaurant-level Account | 7448 |
| Fifth Third Bank | Restaurant-level Account | 6665 |
| Fifth Third Bank | Restaurant-level Account | 7216 |
| Fifth Third Bank | Restaurant-level Account | 6673 |
| Fifth Third Bank | Restaurant-level Account | 5832 |
| Fifth Third Bank | Restaurant-level Account | 6525 |
| Fifth Third Bank | Restaurant-level Account | 7224 |
| Fifth Third Bank | Restaurant-level Account | 5704 |
| Fifth Third Bank | Restaurant-level Account | 7232 |
| Fifth Third Bank | Restaurant-level Account | 7240 |
| Fifth Third Bank | Restaurant-level Account | 5712 |
| Fifth Third Bank | Restaurant-level Account | 5857 |
| Fifth Third Bank | Restaurant-level Account | 7455 |
| Fifth Third Bank | Restaurant-level Account | 5576 |
| Fifth Third Bank | Restaurant-level Account | 5720 |
| Fifth Third Bank | Restaurant-level Account | 5738 |
| Fifth Third Bank | Restaurant-level Account | 3317 |
| Fifth Third Bank | Restaurant-level Account | 7257 |
| Fifth Third Bank | Restaurant-level Account | 7000 |
| Fifth Third Bank | Restaurant-level Account | 5746 |
| Fifth Third Bank | Restaurant-level Account | 5753 |
| Fifth Third Bank | Restaurant-level Account | 6879 |
| Fifth Third Bank | Restaurant-level Account | 7018 |

| Bank | Account Description | Last Four Digits of Bank Account Number |
|------|---------------------|------------------------------------------|
| Fifth Third Bank | Restaurant-level Account | 6952 |
| Fifth Third Bank | Restaurant-level Account | 3937 |
| Fifth Third Bank | Restaurant-level Account | 6754 |
| Fifth Third Bank | Restaurant-level Account | 7547 |
| Fifth Third Bank | Restaurant-level Account | 7265 |
| Fifth Third Bank | Restaurant-level Account | 6895 |
| Fifth Third Bank | Restaurant-level Account | 5761 |
| Fifth Third Bank | Restaurant-level Account | 5642 |
| Fifth Third Bank | Restaurant-level Account | 6762 |
| Fifth Third Bank | Restaurant-level Account | 7026 |
| Fifth Third Bank | Restaurant-level Account | 6903 |
| Fifth Third Bank | Restaurant-level Account | 6937 |
| Fifth Third Bank | Restaurant-level Account | 7034 |
| Fifth Third Bank | Restaurant-level Account | 6135 |
| Fifth Third Bank | Restaurant-level Account | 3234 |
| Fifth Third Bank | Restaurant-level Account | 8608 |
| Fifth Third Bank | Restaurant-level Account | 6770 |
| Fifth Third Bank | Restaurant-level Account | 7042 |
| Fifth Third Bank | Restaurant-level Account | 3242 |
| Fifth Third Bank | Restaurant-level Account | 8616 |
| Fifth Third Bank | Restaurant-level Account | 5824 |
| Fifth Third Bank | Restaurant-level Account | 3259 |
| Fifth Third Bank | Restaurant-level Account | 7273 |
| Fifth Third Bank | Restaurant-level Account | 7463 |
| Fifth Third Bank | Restaurant-level Account | 3267 |
| Fifth Third Bank | Restaurant-level Account | 5766 |
| Fifth Third Bank | Restaurant-level Account | 8624 |
| Fifth Third Bank | Restaurant-level Account | 5790 |
| Fifth Third Bank | Restaurant-level Account | 7281 |
| Fifth Third Bank | Restaurant-level Account | 3325 |
| Fifth Third Bank | Restaurant-level Account | 3275 |
| Fifth Third Bank | Restaurant-level Account | 5873 |
| Fifth Third Bank | Restaurant-level Account | 6798 |
| Fifth Third Bank | Restaurant-level Account | 3309 |
| Fifth Third Bank | Restaurant-level Account | 5675 |
| Fifth Third Bank | Restaurant-level Account | 6887 |

| Bank | Account Description | Last Four Digits of Bank Account Number |
|---|---|---|
| Fifth Third Bank | Restaurant-level Account | 5741 |
| Fifth Third Bank | Restaurant-level Account | 5691 |
| Fifth Third Bank | Restaurant-level Account | 5881 |
| Fifth Third Bank | Restaurant-level Account | 8632 |
| Fifth Third Bank | Restaurant-level Account | 7059 |
| Fifth Third Bank | Restaurant-level Account | 5584 |
| Fifth Third Bank | Restaurant-level Account | 7471 |
| Fifth Third Bank | Restaurant-level Account | 7299 |
| Fifth Third Bank | Restaurant-level Account | 5899 |
| Fifth Third Bank | Restaurant-level Account | 5840 |
| Fifth Third Bank | Restaurant-level Account | 8640 |
| Fifth Third Bank | Restaurant-level Account | 3283 |
| Fifth Third Bank | Restaurant-level Account | 6788 |
| Fifth Third Bank | Restaurant-level Account | 7307 |
| Fifth Third Bank | Restaurant-level Account | 6541 |
| Fifth Third Bank | Restaurant-level Account | 7315 |
| Fifth Third Bank | Restaurant-level Account | 6681 |
| Fifth Third Bank | Restaurant-level Account | 6796 |
| Fifth Third Bank | Restaurant-level Account | 6804 |
| Fifth Third Bank | Restaurant-level Account | 5667 |
| Fifth Third Bank | Restaurant-level Account | 5600 |
| Fifth Third Bank | Restaurant-level Account | 3291 |
| Fifth Third Bank | Restaurant-level Account | 7539 |
| Fifth Third Bank | Restaurant-level Account | 7323 |
| Fifth Third Bank | Restaurant-level Account | 6699 |
| Fifth Third Bank | Restaurant-level Account | 5779 |
| Fifth Third Bank | Restaurant-level Account | 7331 |
| Fifth Third Bank | Restaurant-level Account | 6812 |
| Fifth Third Bank | Restaurant-level Account | 5626 |
| Fifth Third Bank | Restaurant-level Account | 6911 |
| Fifth Third Bank | Restaurant-level Account | 7349 |
| Fifth Third Bank | Restaurant-level Account | 6820 |
| Fifth Third Bank | Restaurant-level Account | 7489 |
| Fifth Third Bank | Restaurant-level Account | 7356 |
| Fifth Third Bank | Restaurant-level Account | 8657 |
| Fifth Third Bank | Restaurant-level Account | 5865 |

| Bank | Account Description | Last Four Digits of Bank Account Number |
|------|---------------------|------------------------------------------|
| Fifth Third Bank | Restaurant-level Account | 5659 |
| Fifth Third Bank | Restaurant-level Account | 5787 |
| Fifth Third Bank | Restaurant-level Account | 7497 |
| Fifth Third Bank | Restaurant-level Account | 6590 |
| Fifth Third Bank | Restaurant-level Account | 8665 |
| Fifth Third Bank | Restaurant-level Account | 7364 |
| Fifth Third Bank | Restaurant-level Account | 5795 |
| Fifth Third Bank | Restaurant-level Account | 6707 |
| Fifth Third Bank | Restaurant-level Account | 7075 |
| Fifth Third Bank | Restaurant-level Account | 7372 |
| Fifth Third Bank | Restaurant-level Account | 6731 |
| Fifth Third Bank | Restaurant-level Account | 7125 |
| Fifth Third Bank | Restaurant-level Account | 7083 |
| Fifth Third Bank | Restaurant-level Account | 8673 |
| Fifth Third Bank | Restaurant-level Account | 6608 |
| Fifth Third Bank | Restaurant-level Account | 7133 |
| Fifth Third Bank | Restaurant-level Account | 6616 |
| Fifth Third Bank | Restaurant-level Account | 6715 |
| Fifth Third Bank | Restaurant-level Account | 5709 |
| Fifth Third Bank | Restaurant-level Account | 6945 |
| Fifth Third Bank | Restaurant-level Account | 6723 |
| Fifth Third Bank | Restaurant-level Account | 6962 |
| Fifth Third Bank | Restaurant-level Account | 6838 |
| Fifth Third Bank | Restaurant-level Account | 5803 |
| Fifth Third Bank | Restaurant-level Account | 5758 |
| Fifth Third Bank | Restaurant-level Account | 7067 |
| Fifth Third Bank | Restaurant-level Account | 6566 |
| Fifth Third Bank | Restaurant-level Account | 6806 |
| Fifth Third Bank | Restaurant-level Account | 6814 |
| Fifth Third Bank | Restaurant-level Account | 5811 |
| Fifth Third Bank | Restaurant-level Account | 5829 |
| Fifth Third Bank | Restaurant-level Account | 6749 |
| Fifth Third Bank | Restaurant-level Account | 6756 |
| Fifth Third Bank | Restaurant-level Account | 6624 |
| Fifth Third Bank | Restaurant-level Account | 5816 |
| Fifth Third Bank | Restaurant-level Account | 6267 |

| Bank | Account Description | Last Four Digits of Bank Account Number |
|------|---------------------|------------------------------------------|
| Fifth Third Bank | Restaurant-level Account | 6574 |
| Fifth Third Bank | Restaurant-level Account | 6582 |
| Fifth Third Bank | Restaurant-level Account | 6764 |
| Fifth Third Bank | Restaurant-level Account | 7505 |
| Fifth Third Bank | Restaurant-level Account | 6533 |
| Fifth Third Bank | Restaurant-level Account | 0566 |
| Fifth Third Bank | Restaurant-level Account | 7380 |
| Fifth Third Bank | Restaurant-level Account | 3333 |
| Fifth Third Bank | Restaurant-level Account | 6846 |
| Fifth Third Bank | Restaurant-level Account | 7513 |
| Fifth Third Bank | Restaurant-level Account | 6929 |
| Fifth Third Bank | Restaurant-level Account | 7398 |
| Fifth Third Bank | Restaurant-level Account | 7091 |
| Fifth Third Bank | Restaurant-level Account | 7521 |
| Fifth Third Bank | Restaurant-level Account | 6632 |
| Fifth Third Bank | Restaurant-level Account | 6426 |
| Fifth Third Bank | Restaurant-level Account | 5998 |
| Fifth Third Bank | Restaurant-level Account | 6822 |
| Fifth Third Bank | Restaurant-level Account | 6400 |
| Fifth Third Bank | Restaurant-level Account | 5878 |
| Fifth Third Bank | Restaurant-level Account | 5907 |
| Fifth Third Bank | Restaurant-level Account | 6772 |
| Fifth Third Bank | Restaurant-level Account | 6392 |
| Fifth Third Bank | Restaurant-level Account | 5886 |
| Fifth Third Bank | Restaurant-level Account | 6475 |
| Fifth Third Bank | Restaurant-level Account | 4208 |
| Fifth Third Bank | Restaurant-level Account | 6467 |
| Fifth Third Bank | Restaurant-level Account | 6160 |
| Fifth Third Bank | Restaurant-level Account | 3945 |
| Fifth Third Bank | Restaurant-level Account | 6186 |
| Fifth Third Bank | Restaurant-level Account | 4034 |
| Fifth Third Bank | Restaurant-level Account | 8798 |
| Fifth Third Bank | Restaurant-level Account | 4042 |
| Fifth Third Bank | Restaurant-level Account | 4026 |
| Fifth Third Bank | Restaurant-level Account | 4067 |
| Fifth Third Bank | Restaurant-level Account | 4018 |

| Bank | Account Description | Last Four Digits of Bank Account Number |
|------|---------------------|------------------------------------------|
| Fifth Third Bank | Restaurant-level Account | 4059 |
| Fifth Third Bank | Restaurant-level Account | 4257 |
| Fifth Third Bank | Restaurant-level Account | 4075 |
| Fifth Third Bank | Restaurant-level Account | 4240 |
| Fifth Third Bank | Restaurant-level Account | 8780 |
| Fifth Third Bank | Restaurant-level Account | 4273 |
| Fifth Third Bank | Restaurant-level Account | 4190 |
| Fifth Third Bank | Restaurant-level Account | 4281 |
| Fifth Third Bank | Restaurant-level Account | 7166 |
| Fifth Third Bank | Restaurant-level Account | 7174 |
| Fifth Third Bank | Restaurant-level Account | 7158 |
| Fifth Third Bank | Restaurant-level Account | 3358 |
| Fifth Third Bank | Restaurant-level Account | 5709 |
| Fifth Third Bank | Restaurant-level Account | 3366 |
| Fifth Third Bank | Restaurant-level Account | 3374 |
| Fifth Third Bank | Restaurant-level Account | 8558 |
| Fifth Third Bank | Restaurant-level Account | 8681 |
| Fifth Third Bank | Restaurant-level Account | 8772 |
| Fifth Third Bank | Restaurant-level Account | 5733 |
| Fifth Third Bank | Restaurant-level Account | 8699 |
| Fifth Third Bank | Restaurant-level Account | 8731 |
| Fifth Third Bank | Restaurant-level Account | 6283 |
| Fifth Third Bank | Restaurant-level Account | 8749 |
| Fifth Third Bank | Restaurant-level Account | 8871 |
| Fifth Third Bank | Restaurant-level Account | 6671 |
| Fifth Third Bank | Restaurant-level Account | 5881 |
| Fifth Third Bank | Restaurant-level Account | 6150 |
| Fifth Third Bank | Restaurant-level Account | 8830 |
| Fifth Third Bank | Restaurant-level Account | 8822 |
| Fifth Third Bank | Restaurant-level Account | 6168 |
| Fifth Third Bank | Restaurant-level Account | 6308 |
| Fifth Third Bank | Restaurant-level Account | 5857 |
| Fifth Third Bank | Restaurant-level Account | 6341 |
| Fifth Third Bank | Restaurant-level Account | 6598 |
| Fifth Third Bank | Restaurant-level Account | 5915 |
| Fifth Third Bank | Restaurant-level Account | 6713 |

| Bank | Account Description | Last Four Digits of Bank Account Number |
|---|---|---|
| Fifth Third Bank | Restaurant-level Account | 5417 |
| Fifth Third Bank | Restaurant-level Account | 7920 |

**<u>EXHIBIT C</u>**

**Schematic of Cash Management System**

# Logan's Roadhouse, Inc.

## Account Structure – Wells Fargo Bank

### (All Sub-Accounts are ZBA Accounts)

