IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11819 (BLS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 4 |

**ORDER PURSUANT TO 28 U.S.C. § 156(c) (A) APPROVING THE RETENTION
AND APPOINTMENT OF DONLIN, RECANO & COMPANY, INC. AS
CLAIMS AND NOTICING AGENT FOR THE DEBTORS, EFFECTIVE *NUNC
PRO TUNC* TO THE PETITION DATE AND (B) GRANTING RELATED RELIEF**

Upon consideration of the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") approving the retention and employment of DRC as claims and noticing agent for the Debtors in these chapter 11 cases, effective *nunc pro tunc* to the Petition Date, as more fully set forth in the Application; and upon the First Day Declaration; and upon the Tomforde Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716). The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain DRC effective *nunc pro tunc* to the Petition Date, under the terms of the Engagement Agreement, and DRC is authorized and directed to perform the Claims and Noticing Services as described in the Application.

3. DRC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases, if any, and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. DRC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. DRC is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate DRC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by DRC and the rates charged for each, and to reimburse DRC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for DRC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. DRC shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the U.S. Trustee, counsel for the Debtors, counsel for any official committee, counsel to the DIP Lenders, and any party in interest who specifically requests service of the monthly invoices.

8. If any dispute arises relating to the Engagement Agreement or DRC's monthly invoices, the parties shall meet and confer in an attempt to resolve such dispute, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, DRC's fees and expenses under this Order shall be an administrative expense of the Debtors' estates.

10. DRC may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, DRC may hold its retainer under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. The Debtors shall indemnify DRC under the terms of the Engagement Agreement, subject to the following modifications:

    a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, DRC in accordance with the Engagement Agreement and to the extent permitted by applicable law,

for any claim arising from, related to, or in connection with DRC's performance of the services described in the Engagement Agreement;

b. DRC shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

c. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of DRC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, DRC must file an application before this Court, and the Debtors may not pay any such amounts to DRC before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by DRC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify DRC. All parties in interest shall retain the right to object to any demand by DRC for indemnification, contribution or reimbursement.

12. DRC shall comply with all relevant statutory provisions and rules of procedure, including local rules of procedure, general orders, and applicable guidelines.

13. Debtors' counsel shall notify both the Clerk's office and DRC within seven (7) days of an order dismissing or converting the Debtors' cases.

01:17018264.2

14. In the event DRC is unable to provide the services set out in this Order, DRC will immediately notify the Clerk and Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

15. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by DRC but is not specifically authorized by this Order.

16. DRC shall not cease providing claims processing services during the case(s) for any reason, including nonpayment, without an order of the Court.

17. At the end of these cases or upon termination of DRC's services, the Debtors or the Trustee must obtain a termination order to terminate the services of DRC. DRC is responsible for archiving all claims with the Federal Archives Record Administration, if applicable.

18. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

19. The Debtors and DRC are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

20. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: 8/9, 2016
Wilmington, Delaware

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

01:17018264.2