IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11819 (BLS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 5 |

**INTERIM ORDER (I) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING OR DISCONTINUING SERVICES;
(II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED
OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR
DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of interim and a final orders (a) prohibiting the Utility Providers from altering, refusing, or discontinuing services to the Debtors; (b) deeming the Utility Providers adequately assured of payment; and (c) establishing procedures for determining requests from Utility Providers for additional adequate assurance of payment, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716). The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

01:18796424.9

the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted on an interim basis as set forth herein.

2. Subject to the procedures described below, no Utility Provider may (a) alter, refuse, terminate, or discontinue utility services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Adequate Assurance Deposit, as a condition to the Debtors receiving such utility services.

3. The Debtors shall deposit, as adequate assurance for the Utility Providers, approximately $1,130,000 in the aggregate (the "**Adequate Assurance Deposit**") into a newly created, segregated, non-interest-bearing account within 20 days of the Petition Date.

4. Subject to the entry of the Proposed Final Order and the Additional Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

5. The following Additional Adequate Assurance Procedures are approved in all respects:

   a. Within two (2) business days of the date the Interim Order is entered, the Debtors will mail a copy of the Interim Order to the Utility Providers on the Utility Providers List.

   b. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and desires additional assurances of payment, it must serve a request (an "**Additional Assurance Request**") upon (i) the Debtors: Logan's Roadhouse, Inc., Attn: Ed Schwartz, 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204; (ii) proposed counsel to the Debtors: Young Conaway Stargatt & Taylor, LLP, Attn: Norah M. Roth-Moore, Esq., Rodney Square, 1000 North King Street, Wilmington, Delaware, 19801; (iii) Dechert LLP, Attn: Brian Greer, 1095 Avenue of the Americas, New York, New York 10036; (iv) King & Spalding LLP, Attn: Michael Rupe, 1185 Avenue of the Americas, New York, New York 10036; and (v) Debevoise & Plimpton LLP, Attn: M. Natasha Labovitz, 919 Third Avenue, New York, New York, 10022 (together, the "**Notice Parties**").

   c. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iii) include a summary of any security deposits, prepayments, or other security held by the requesting Utility Provider; (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of payment; and (v) specify the nature and amount of assurance of payment that would be satisfactory to the Utility Provider.

   d. Upon the Notice Parties' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request.

   e. The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court or notice, and may, in connection with any such agreement, in their discretion, (i) provide the Utility Provider with additional adequate assurance of payment in a form satisfactory to the Utility Provider, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of the Court, if the Debtors believe such additional assurance is reasonable, and (ii) withdraw the corresponding funds deposited in the Adequate Assurance Deposit and allocated to the settling Utility Provider.

      f.      If the Debtors determine that an Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the applicable Utility Provider within a reasonable period of time, the Debtors shall, upon reasonable notice, calendar the matter (an "**Adequate Assurance Dispute**") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code.

      g.      Pending resolution of any Additional Assurance Dispute, any such Utility Provider shall be restrained from altering, discontinuing, or refusing service to, or discriminating against, the Debtors on account of unpaid charges for prepetition services, the Debtors' bankruptcy filings or any objections to the Proposed Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

      h.      Upon closure of any of the Debtors' restaurant locations and the discontinuance of Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each discontinued Utility Service, the lesser of (i) the estimated two-week utility expense for such Utility Services and (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided, however*, that the Debtors shall not reduce the Adequate Assurance Deposit on account of such Utility Service or Utility Provider until any disputes regarding the affected Utility Services or Utility Provider are resolved.

6.      The Debtors are authorized, as necessary, to provide a copy of this Order, and the Proposed Final Order (when and if entered) to any Additional Utility Providers, as such Additional Utility Providers are identified. Promptly upon their discovery of an Additional Utility Provider, the Debtors shall increase the Adequate Assurance Deposit by an amount equal to approximately two weeks of the Debtors' estimated aggregate utility expense for each Additional Utility Provider. The Additional Utility Providers shall be subject to the terms of this Order and the Proposed Final Order (when and if entered), including the Additional Adequate Assurance Procedures.


7.      The Debtors are permitted to satisfy prepetition amounts owed to Ecova in an amount not to exceed $6,000 absent further order of the Court, and to continue to utilize Ecova in connection with administering the Utility Services in accordance with their past practices.

8.      **A final hearing on the relief sought in the Motion shall be conducted on September 1, 2016, 2016 at 10:00 a.m., Eastern Time**. **The deadline by which objections to the entry of the Proposed Final Order must be filed is August 25, 2016 at 4:00 p.m., Eastern Time**, which objections shall be served on the Notice Parties. If no objections are filed to the entry of the Proposed Final Order, this Court may enter the Proposed Final Order without further notice or a hearing.

9.      Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List or is served with a copy of the Motion, this Order, or the Proposed Final Order.

10.     This Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority, or amounts of any obligations relating to the Utility Providers on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

11.     Notwithstanding any to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the requirements imposed on the Debtors under the orders of this Court approving the Debtors' debtor-in-possession financing facilities and use of cash collateral and budget in connection therewith.

12. The Debtors are authorized and empowered to take all other actions necessary to implement the relief granted in this Order.

13. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption or rejection of any contract pursuant to section 365 of the Bankruptcy Code and all such rights are reserved.

14. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The requirements of Bankruptcy Rule 6003(b) are satisfied.

16. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. The requirements of Bankruptcy Rule 6004(a) are waived.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
Wilmington, Delaware

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE