# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11819 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 7** |

## ORDER PURSUANT TO SECTIONS 105(a), 363(c), 503(b)(1), 1107(a), AND 1108 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND OTHERWISE CONTINUE CUSTOMER PROGRAMS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**")[2] of the Debtors, pursuant to sections 105(a), 363(b), 503(b)(1), 1107(a), and 1108 of the Bankruptcy Code, for an order (a) authorizing, but not directing, the Debtors, in their discretion, to pay, honor or otherwise satisfy certain prepetition obligations to customers under, and to otherwise continue, the Customer Programs in the ordinary course of business, (b) authorizing, but not directing, the Debtors, in their discretion, to pay, honor, or otherwise satisfy prepetition processing costs and fees associated with the Customer Programs, and (c) authorizing and directing the Debtors' Banks to receive, process, honor, and pay all checks and electronic payment requests relating to the foregoing, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716). The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:19119871.2

Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized and empowered, but not directed, in their discretion, pursuant to sections 105(a), 363, 503(b), 1107(a), and 1108 of the Bankruptcy Code, to continue, renew, replace, implement, modify, and/or terminate the Customer Programs, as they deem appropriate, in the ordinary course of business.

3. The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy all prepetition Customer Obligations, in the ordinary course of business, in the same manner and on the same basis as the Debtors honored such obligations prior to the commencement of these chapter 11 cases, including, without limitation, any prepetition processing costs and fees associated with the Customer Programs; provided, however, that SVS shall not be paid in excess of $36,000.00 on account of prepetition amounts owed absent prior authorization of this Court.

4. The Debtors' Banks shall be, and hereby are, authorized, when requested by the Debtors in their discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts on account of the Customer Programs, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

5. The Debtors' Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Order.

6. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, priority, or amount of any claim against the Debtors or their estates or an approval or assumption of any agreement, contract, lease, or Customer Program pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of the rights of the Debtors and their estates, or shall impair the ability of the Debtors and their estates, to contest the validity, priority, and amount of any claims or any payment made pursuant to this Order.

7. Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the requirements imposed on the Debtors under the orders of this Court approving the Debtors' debtor-in-possession financing facilities and use of cash collateral and budget in connection therewith.

8. The requirements set forth in Bankruptcy Rule 6003(b) have been satisfied.

01:19119871.2

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

10. The requirements of Bankruptcy Rule 6004(a) are waived.

11. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: 8/9/2016
Wilmington, Delaware

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

01:19119871.2

4