# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11819 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 8** |

## ORDER PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), AND 541 OF THE BANKRUPTCY CODE (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO PROCESS AND CASH RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of the Debtors requesting entry of an order, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their discretion, to pay the Taxes and Fees, and (ii) authorizing Banks, when requested by the Debtors in their discretion, to receive, process, honor, and pay any and all checks and electronic fund transfers related to the Taxes and Fees, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716). The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:19119778.2

Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay, in the ordinary course of their businesses, all prepetition Taxes and Fees to the Authorities up to an aggregate amount of $8 million, and to maintain, in the ordinary course of their businesses, their audit reserves and satisfy any Audit Amounts up to an aggregate amount of $250,000.00.

3. The Debtors' Banks shall be, and hereby are, authorized, when requested by the Debtors in their discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all prepetition Taxes and Fees and any Audit Amounts owed to the Authorities, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

4. The Debtors' Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Order.

5. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, priority, or

01:19119778.2

amount of any claim or lien against the Debtors or their estates or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of the rights of the Debtors and their estates, or shall impair the ability of the Debtors and their estates, to contest the validity, priority, and amount of any payment made pursuant to this Order.

6. Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the requirements imposed on the Debtors under the orders of this Court approving the Debtors' debtor-in-possession financing facilities and use of cash collateral and budget in connection therewith.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

9. The requirements of Bankruptcy Rule 6004(a) are waived.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: 8/9/2016
Wilmington, Delaware

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

01:19119778.2