# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11819 (BLS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 9** |

## ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS (A) ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT AND SIMILAR TRUST FUND STATUTES AND (B) OF CERTAIN CRITICAL VENDORS AND (II) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") (i) authorizing, but not directing, the Debtors, in their discretion, to pay certain (a) PACA Claims and (b) Critical Vendor Claims in the ordinary course of business as such claims come due, and (ii) authorizing the Banks, when requested by the Debtors in their discretion, to receive, process, honor, and pay all checks and electronic payment requests related to the Claims, all as set forth more fully in the Motion; and upon consideration of the First Day Declaration and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716). The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay or otherwise satisfy valid PACA Claims, as determined by the Debtors in their discretion, in the ordinary course of business in an aggregate amount not to exceed $1,100,000.

3. Any PACA Vendor who accepts payment from the Debtors in satisfaction of its valid PACA Claim will be deemed to have waived any and all claims of whatever type, kind, or priority against the Debtors, their property, their estates, and any PACA Trust Assets, but only to the extent that payment has been received by such PACA Vendor on account of its PACA Claim.

4. The Debtors are authorized, but not directed, in their discretion, to pay or otherwise satisfy all valid Critical Vendor Claims, in the ordinary course of business in an aggregate amount not to exceed $950,000.

5. Critical Vendors shall enter into a Vendor Agreement with the Debtors substantially similar to that attached as <u>Exhibit B</u> to the Motion as a condition to payment of their Critical Vendor Claims; provided, however, that the Debtors may modify any of the terms of the Vendor Agreement set forth in <u>Exhibit B</u> to the Motion (with such modified terms becoming part of the Vendor Agreement), including the Customary Trade Terms, if the Debtors determine, in the exercise of their business judgment, that such modifications are necessary to

avoid irreparable harm to the Debtors and their estates and are otherwise in the best interest of the Debtors and their estates.

6. In the event that any Vendor that has entered into a Vendor Agreement and refuses to continue to provide goods and services, as applicable, on an uninterrupted basis, to the Debtors in accordance with the terms of the applicable Vendor Agreement, without further order of this Court and in their discretion, the Debtors shall be authorized to deem the payments made to any such Vendor to have been in payment of any then-outstanding postpetition claims of such Vendor and deem any applicable Vendor Agreement to be terminated. If this situation arises, the previously paid Claims of the Vendor shall be reinstated as Claims in the amount deemed by the Debtors to have been in payment of any then-outstanding postpetition claims of such Vendor. To the extent that the payments made to the Vendor on account of the previously paid Claims exceed the post-petition amounts then owed to such Vendor, all rights of the Debtors and their estates to recover such payments shall be reserved.

7. The Debtors' Banks shall be, and hereby are, authorized, when requested by the Debtors in their discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all Claims, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

8. The Debtors' Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Order.

9. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, priority or amount of any claim or lien against the Debtors or their estates or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of the rights of the Debtors and their estates, or shall impair the ability of the Debtors and their estates, to contest the validity, priority, and amount of any claims or any payment made pursuant to this Order.

10. Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the requirement imposed on the Debtors under the Orders of this Court approving the Debtors' debtor-in-possession financing facilities and use of cash collateral and budget in connection therewith.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The requirements of Bankruptcy Rule 6004(a) are waived.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2016
Wilmington, Delaware

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

4