IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11819 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 11 |

**ORDER (A) AUTHORIZING THE (I) CONTINUED USE OF THE DEBTORS' EXISTING CASH MANAGEMENT SYSTEM AND (II) USE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS; (B) AUTHORIZING PAYMENTS OF PREPETITION COSTS AND FEES ASSOCIATED WITH CUSTOMER CREDIT AND DEBIT CARD TRANSACTIONS; (C) WAIVING THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE ON AN INTERIM BASIS; AND (D) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an order (this "**Order**"), pursuant to sections 105(a), 345(b), 363, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rule 2015, and Local Rule 2015-2, (a) authorizing the Debtors to (i) continue to maintain their Cash Management System and (ii) maintain their Bank Accounts and Business Forms, and in connection with the foregoing, granting the Debtors a waiver of certain bank account and related requirements of the U.S. Trustee Guidelines to the extent that such requirements are inconsistent with the Debtors' practices in connection with their Cash Management System or any action taken by the Debtors in accordance with this Order or any other order entered in these chapter 11 cases; (b) authorizing, but not directing, the Debtors, in their discretion, to pay or otherwise satisfy all prepetition Credit Card Processing Fees; (c) waiving the requirements of section

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Roadhouse Holding Inc. (5939); Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716). The location of the Debtors' corporate headquarters is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:19119673.2

345(b) of the Bankruptcy Code on an interim basis with respect to the Debtors' deposit practices; and (d) granting certain related relief, as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to continue to maintain, operate, make transfers under, and otherwise use their Cash Management System in the ordinary course of their business and in the same manner as the Debtors implemented and maintained the Cash Management System prior to the Petition Date.

3. The Debtors, Fifth Third, and Brink's are authorized to continue to utilize and operate the RCM system on a post-petition basis.

4.      The Debtors are authorized to (a) designate, maintain, and continue to use any or all of the Bank Accounts in the names and with the account numbers existing immediately prior to the Petition Date, (b) deposit funds into and withdraw funds from such accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers, and other debits, and (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

5.      The Debtors are authorized, but not directed, in their discretion, to pay or otherwise satisfy all pre-petition Credit Card Processing Fees and any related pre-petition obligations in accordance with the Debtors' pre-petition policies and practices and to continue paying Credit Card Processing Fees in the ordinary course.

6.      The Banks are hereby authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by a Bank only if specifically authorized by order of this Court.

7.      Except for those checks that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

8.      Notwithstanding any other provision of this Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the

direction of the Debtors, (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates on account of such pre-petition check or other item being honored post-petition or otherwise in violation of this Order.

9. The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their discretion; provided, however, that the Debtors give notice thereof within fifteen (15) days to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases; provided further, however, that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to promptly execute such an agreement. Notwithstanding the foregoing, the Debtors must receive written consent from the agent under the Debtors' debtor-in-possession financing facilities to open any new Bank Accounts.

10. The Debtors are authorized to continue to use their existing checks without alteration and without the designation "Debtors-in-Possession" imprinted upon them; provided that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtors-in-Possession" on all checks; provided further that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtors-in-Possession" legend on such items within ten (10) days of the date of entry of this Order.

11. The Banks are hereby authorized to debit from the Bank Accounts ordinary course of business bank fees and charges without further order of this Court provided that such

ordinary course fees and charges are authorized under the applicable account agreement with the Debtors and provided further that nothing set forth herein shall authorize any Bank to debit any claim or charges not in the ordinary course of business and not permitted under applicable account agreements.

12. Each of the Debtors' Banks is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtors' accounts with such Bank prior to filing of the Petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to filing of the Petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

13. Each of the Debtors' Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to filing of the Petition should be honored pursuant to this Order or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

14. The requirements provided in section 345(b) of the Bankruptcy Code are hereby WAIVED as to the Bank Accounts for an interim period of thirty (30) days, without prejudice to the Debtors' rights to seek a further waiver.

23154881v2

15. With respect to the Banks at which the Debtors hold accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days from the date of entry of this Order the Debtors shall (i) contact each such Bank, (ii) provide the Bank with the Debtors' employer identification numbers, and (iii) identify each of the accounts held at such Banks as being held by a debtor in possession.

16. For banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

17. Within five (5) business days of the entry of this Order, the Debtors shall serve a copy of this Order on each Bank.

18. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, priority, or amount of any claim against the Debtors or their estates or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of the rights of the Debtors and their estates, or shall impair the ability of the Debtors and their estates, to contest the validity, priority and amount of any claims or any payment made pursuant to this Order.

19. Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the

requirements imposed on the Debtors under the orders of this Court approving the Debtors' debtor-in-possession financing facilities and use of cash collateral and budget in connection therewith.

20. In the ordinary course of their business post-petition in accordance with their pre-petition policies and practices, the Debtors shall continue to maintain records related to any intercompany transfers and disbursements so that such transactions can be ascertained, traced, and accounted for.

21. Notwithstanding use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

22. The requirements set forth in Bankruptcy Rule 6003(b) have been satisfied.

23. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

24. The requirements of Bankruptcy Rule 6004(a) are waived.

25. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

26. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: 8/9/2016
Wilmington, Delaware

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

23154881v2