**<u>Exhibit A</u>**

**Proposed Order**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 16-11819 (BLS)<br><br>Jointly Administered<br><br>**Docket Ref No. ____** |

### ORDER ESTABLISHING (I) RESERVES FOR CERTAIN UNRESOLVED CLAIMS FOR DISTRIBUTION PURPOSES ONLY AND (II) CLARIFYING AND APPROVING DISTRIBUTION PROCEDURES WITH RESPECT TO GENERAL UNSECURED CLAIMS

Upon consideration of the motion (the "**Motion**")[2] of the Reorganized Debtor for entry of an order, pursuant to sections 105, 502, and 1142 of the Bankruptcy Code, (i) establishing reserves for disputed and unliquidated claims identified on Exhibit 1 attached hereto (each such claim an "**Estimated Claim**") and (ii) clarifying and approving distribution procedures with respect to General Unsecured Claims; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Reorganized Debtor has provided proper and adequate notice of the Motion and the relief requested therein, and that, except as otherwise ordered herein, no other or further notice is

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number are 5939, and the Reorganized Debtor's mailing address is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of November 23, 2016: Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716).

[2] Capitalized terms used but not defined herein are as defined in the Motion.

necessary; and this Court having reviewed the Motion and any responses to the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been overruled on the merits or otherwise resolved; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. The Motion is granted, as set forth herein.

2. Solely for purposes of determining the amount of Distributions from the General Unsecured Claim Cash Pool at the time of any Distribution, each Estimated Claim identified on Exhibit 1 to this Order shall be estimated in the Maximum Amount identified on Exhibit 1 and such amount shall be used as the maximum "Allowed" amount in determining Distributions, subject to paragraph 2 of this Order.

3. The Reorganized Debtor shall retain in the General Unsecured Claim Cash Pool the Distribution to be provided to each holder of an Estimated Claim based on the respective Maximum Amount until such time as the Estimated Claim is Allowed, at which time they shall be entitled to a distribution from the General Unsecured Claim Cash Pool, subject to a cap on such Distribution based on the Maximum Amount established by this Order.

4. Notwithstanding anything in this Order, the rights of all parties with respect to the liquidation and determination of liability with respect to the Estimated Claims are preserved, including, without limitation, all rights to object to or otherwise oppose the Estimated Claims for any reason and nothing set forth in the Motion or this Order shall be admissible against the Debtors or Reorganized Debtors or their insurers in any proceeding in connection with the litigation or liquidation of the Estimated Claims.

5. In making Distributions to the holders of Allowed General Unsecured Claims at any time, the Reorganized Debtor shall ensure that all amounts in the General Unsecured Claim Cash Pool are allocated and distributed so as to effect a *pro rata* Distribution of the General Unsecured Claim Cash Pool solely to those persons who would be entitled to a distribution equal to or in excess of the Distribution Threshold based on the then Allowed amount (or Maximum Amount set by this Order) of all Allowed General Unsecured Claims or Estimated Claims under this Order, including by making any "catch-up" Distribution if a party is entitled to a Distribution in excess of the Distribution Threshold after giving effect to any forfeitures under the Plan or any liquidation or compromise of claims that takes place subsequent to the entry of this Order.

6. Without limiting any other provision in the Plan and in addition to all of the protections and provisions in the Plan, there shall be no liability for, and no claimant shall have recourse to, the Reorganized Debtors or any assets of the Reorganized Debtor, if, after giving effect to the terms of this Order, there are insufficient funds in the General Unsecured Claim Cash Pool to provide such holder a Distribution that they would otherwise be entitled to receive under the Plan (including after giving effect to the Distribution Threshold).

7. This Court shall retain jurisdiction over the interpretation or implementation of this Order or any matter arising from this Order.

Dated: Wilmington, Delaware
        _____, 2017

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1 to Order

## Disputed ADR Claims

| Claim Number | Creditor Name | Reserve Amount |
|---|---|---|
| 6099 | English, Wayne | $0.00 |
| 716 | Fleming, Susan | $250,000 |
| 6109/6110* | Klutts, Thomas | $250,000 |
| 5756 | Lewis, Doris | $250,000 |
| 6042 | Parker, Gina | $250,000 |
| **Aggregate Total** | | **$1,000,000** |

*Claims number 6109 and 6110 will be treated as a single claim for estimation purposes.