## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 16 -11819 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date:  December 13, 2017 at 10:30 a.m. (ET)**<br>**Obj. Deadline:  December 6, 2017 at 4:00 p.m. (ET)** |

## REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING THE REORGANIZED DEBTOR'S CHAPTER 11 CASE AND TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES

The above-captioned reorganized debtor (the **"Reorganized Debtor"** and, before the effective date of the chapter 11 plan confirmed by the Court, a "**Debtor**"[2]), by and through its undersigned attorneys, submits this motion (this "**Motion**") for entry of an order pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of a final decree closing the Reorganized Debtor's chapter 11 case and terminating certain claims and noticing services, substantially in the form attached hereto as Exhibit A (the "**Proposed Final Decree**").  In support of this Motion, the Reorganized Debtor respectfully states as follows:

---

[1]    The last four digits of the Reorganized Debtor's federal tax identification number is 5939, and the Reorganized Debtor's mailing address is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204.  The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of November 23, 2016: Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716).

[2]    The term Debtors as used herein includes all of the Debtors whose cases were originally administered with the Debtor whose case remains open.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Reorganized Debtor consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## BACKGROUND

**A.      General Background**

4.      On August 8, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  From the Petition Date through the effective date of the *Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated September 28, 2016* (as confirmed and with all exhibits, hereafter the "**Plan**"),[3] each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

5.      On November 9, 2016, the Court entered an order (the "**Confirmation Order**") confirming the Plan [Docket No. 329].  The Effective Date of the Plan was November 23, 2016.

**B.      Claims Administration**

6.      On August 9, 2016, the Court entered an order appointing Donlin, Recano & Company, Inc. ("**DRC**") as the claims and noticing agent in the Debtors' chapter 11 cases [Docket No. 48] (the "**DRC Retention Order**").  DRC is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, *inter alia*, information regarding the name and address of each claimant, the date the proof of claim was received by DRC, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7.      On September 1, 2016, each Debtor filed its respective schedules of assets and liabilities and statements of financial affairs pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1 [Docket Nos. 200-04, 206-09, 211-17] (collectively, the "**Schedules**").

8.      Also on September 1, 2016, the Court entered an *Order, Pursuant to Sections 501 and 502 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1, (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 219] (the "**Bar Date Order**") establishing the deadline (the "**Bar Date**") for any entity, other than governmental units (as defined in section 101(27) of the Bankruptcy Code), to assert a claim against any of the Debtors in the Debtors' chapter 11 cases (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Date.  The Bar Date in the Debtors' chapter 11 cases was October 7, 2016, at 5:00 p.m. (ET).  Pursuant to the Bar Date Order, the Court established a bar date of February 6, 2017,

at 5:00 p.m. (ET) for governmental entities. In addition, pursuant to the Plan, (i) the Administrative Claims Bar Date occurred forty-five days after the Effective Date (January 9, 2017), (ii) the Fee Claim Bar Date for requests for compensation or reimbursement of Professional Fee Claims occurred forty-five days after the Effective Date (January 9, 2017), and (iii) the Bar Date for Rejection Damages Claims occurred thirty days after the Effective Date (December 23, 2016).

9.      On December 5, 2016, the Court entered an order closing certain of the Debtors' chapter 11 cases [Docket No. 643], with this chapter 11 case staying open to administer the claims that have been filed against all the Debtors.

10.      During the Debtors' chapter 11 cases, the Debtors and Reorganized Debtor have filed fifteen omnibus objections to claims. Fourteen of these omnibus objections have been sustained by various orders of the Court, and the fifteenth omnibus objection [Docket No. 942] (the "**Fifteenth Omnibus Objection**") is scheduled to be heard on December 13, 2017 (the "**December Hearing**"). The Debtors and Reorganized Debtor have also been able to reach the consensual resolution of various claims and causes of action through non-judicial means, including the alternative dispute resolution procedures (the "**ADR Procedures**") approved by this Court. Two other motions, which are described more fully below are pending that will resolve the remaining Disputed Claims for purposes of finalizing the administration of this chapter 11 case before this Court.

C.      **Contested Matters**

11.      On November 13, 2017, the Reorganized Debtor filed its Fifteenth Omnibus Objection seeking the disallowance of the contested claims described therein. To date, no objections have been filed to the disallowance of these claims. In the case that any response

4

is received prior to the objection deadline of November 27, 2017, and to the extent that the Reorganized Debtor is unable to resolve the objection consensually, such matter will be heard and resolved at the December Hearing.

12.     On November 22, 2017, the Reorganized Debtor filed the *Reorganized Debtor's Motion for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving Joint Stipulation of Settlement By and Among the Plaintiffs in the FLSA Collective Action and the Reorganized Debtors-Defendants* [Docket No. 952] (the "**Settlement Approval Motion**").  By the Settlement Approval Motion, the Reorganized Debtor requests court approval of that certain settlement agreement resolving wage and hour claims by former hourly paid tipped employees of the Debtors who allege violations of the Fair Labor Standards Act.  The Settlement Approval Motion will be heard at the December Hearing.

13.     The Reorganized Debtor filed its *Reorganized Debtor's Motion for Order Establishing (I) Reserves for Certain Unresolved Claims for Distribution Purposes Only and (II) Clarifying and Approving Distribution Procedures With Respect to General Unsecured Claims* (the "**Motion to Establish Reserves**")[4] initially on November 13, 2017, which was subsequently withdrawn and a corrected version filed, each on November 14, 2017.  *See* [Docket Nos. 943, 946 & 947].  By the Motion to Establish Reserves, the Reorganized Debtor seeks to estimate the maximum amounts for six remaining Disputed claims, so that it may establish reserves from which to pay those claims (once and if Allowed) and commence distributions under the Plan on behalf of all other Allowed General Unsecured Claims without further delay.  The Motion to Establish Reserves will be heard at the December Hearing.

---

[4]     The Motion to Establish Reserves also seeks a clarification regarding the treatment of *de minimis* distributions under the Plan.

14.     The Reorganized Debtor submits that the presence of the contested matters being heard at the December Hearing does not represent a bar to closing this chapter 11 case, as such matters will be resolved outside of this chapter 11 case and the Plan and this chapter 11 case can otherwise be fully administered.

## RELIEF REQUESTED

15.     By this Motion, the Reorganized Debtor seeks, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, entry of the Proposed Final Decree, closing this chapter 11 case.  In connection with the entry of the Proposed Final Decree, the Reorganized Debtor is requesting termination of DRC's claims and noticing services.

16.     The Reorganized Debtor further requests that the Court provide that the remaining ADR claims be liquidated in accordance with the ADR Procedures approved by the Court.

## BASIS FOR RELIEF

**A.     Entry of a Final Decree and Order Closing the Remaining Chapter 11 Case**

17.     Section 350(a) of the Bankruptcy Code provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022 provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  In addition, Local Rule 3022-1(a) provides:

> Upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid.  Such motion shall include a proposed final decree order that (i) orders the closing of the case and (ii) identifies the case name and the case number of the case to be closed under the

order.    A separate proposed order closing each jointly administered or consolidated case shall be filed.

18.    The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 (the "**Committee Note**"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a.    whether the order confirming the plan has become final;

b.    whether deposits required by the plan have been distributed;

c.    whether the property proposed by the plan to be transferred has been transferred;

d.    whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

e.    whether payments under the plan have commenced; and

f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

19.    Courts in this district and others consider these factors as a guide in determining whether a case has been fully administered.  *See In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); *see also In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015) (internal quotations and citations omitted) (observing that factors (3)-(5) correspond "to whether substantial consummation of the chapter 11 plan has been achieved); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999).  "[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree." *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994).

20.    As of the date of the December Hearing, this chapter 11 case will be "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree and order closing this chapter 11 case.  In particular:

a.    the Confirmation Order has become final and is non-appealable;

b.    the Reorganized Debtor has emerged from Chapter 11 as a reorganized entity, as have each of the other Debtors;

c.    all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date, subject to the Distribution of the General Unsecured Claim Cash Pool which will be done following resolution of the remaining contested matters at the December Hearing;

d.    all transactions contemplated by the Plan closed on the Effective Date;

e.    there are no pending motions, contested matters, or adversary proceedings related to the Debtors' chapter 11 cases, other than those contested matters scheduled to be heard at the December Hearing;

f.    following the December Hearing, all proofs of claim filed in the Debtors' chapter 11 cases have been, or will be, disallowed, resolved or reserved pursuant to the Motion to Establish Reserves, with the claims subject to the Motion to Establish Reserves to be adjudicated outside of the Bankruptcy Court, as applicable;

g.    all administrative expenses, including the U.S. Trustee fees, have been paid or will be paid when they come due in the ordinary course, if they come due after the closure of this chapter 11 case; and

h.    the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

21.    Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."  Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Furthermore, the entry of a final decree closing this chapter 11 case will (a) be without prejudice to creditors' rights to petition the Court to reopen any of the chapter 11 case pursuant to section 350(b) of the Bankruptcy Code and (b) stop the accrual of unnecessary administrative expenses.

**B.      Termination of Claims and Noticing Agent**

22.      The Reorganized Debtor also requests entry of an order terminating the claims and noticing services provided by DRC pursuant to the DRC Retention Order (the "**Claims and Noticing Services**").  Upon termination of the Claims and Noticing Services, and except as otherwise provided in the Proposed Final Decree and in the Local Rules, DRC shall have no further obligations under the DRC Retention Order to the Court, the Reorganized Debtor, or any other party in interest with respect to the Claims and Noticing Services.

23.      Pursuant to Local Rule 2002-1(f)(ix), within thirty days of entry of a final decree, DRC shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a final claims register in the lead case containing claims of all cases.  DRC shall also box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

24.      Should DRC receive any mail regarding the Debtors' chapter 11 cases after entry of an order granting this Motion, DRC shall collect and forward such mail no less frequently than monthly to the Reorganized Debtor.

## FINAL REPORT

25.      In accordance with Local Rule 3022-1(c), the Reorganized Debtor has filed the final report concurrently herewith.

## RESERVATION OF RIGHTS

26.      The Reorganized Debtor reserves the right to modify the relief requested herein and to adjourn the hearing on this Motion.

## CONCLUSION

27.     For the foregoing reasons, the Reorganized Debtor respectfully requests that the Court enter a final decree, substantially in the form attached hereto as Exhibit A, closing their chapter 11 case and terminating the Claims and Noticing Services.

## NOTICE

28.     The Reorganized Debtor has provided notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Ombudsman; (iii) Class Counsel; (iv) the holders of each of the proofs of claim subject to the Estimation Motion and Fifteenth Omnibus Objection; and (v) all parties who have requested notice in this chapter 11 case pursuant to Local Rule 2002-1.  In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtor respectfully requests that the Court enter the Proposed Final Decree granting the relief requested herein, and such other and further relief as the Court deems appropriate.

Dated:   Wilmington, Delaware
         November 22, 2017

*/s/ Ryan M. Bartley*
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Ryan M. Bartley (No. 4985)
Elizabeth S. Justison (No. 5911)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: rbrady@ycst.com
        emorton@ycst.com
        rbartley@ycst.com
        ejustison@ycst.com

*Counsel for the Reorganized Debtor*