IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROADHOUSE HOLDING INC., *et al.*,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 16 -11819 (BLS)<br><br>(Jointly Administered)<br><br>Docket Ref. No. 954 |

## FINAL DECREE AND ORDER CLOSING THE REORGANIZED DEBTOR'S CHAPTER 11 CASE AND TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES

Upon consideration of the motion (the "**Motion**")[2] of the Reorganized Debtor for the entry of a final decree closing the Reorganized Debtor's chapter 11 case and terminating the Claims and Noticing Services, both as more fully set forth in the Motion, pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and that due and adequate notice of the Objection having been given under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is GRANTED as set forth herein.

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is 5939, and the Reorganized Debtor's mailing address is 3011 Armory Drive, Suite 300, Nashville, Tennessee 37204. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of November 23, 2016: Roadhouse Intermediate Inc. (6159); Roadhouse Midco Inc. (6337); Roadhouse Parent Inc. (5108); LRI Holdings, Inc. (4571); Logan's Roadhouse, Inc. (2074); Logan's Roadhouse of Texas, Inc. (2372); and Logan's Roadhouse of Kansas, Inc. (8716).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The chapter 11 case of Roadhouse Holding Inc., Case No. 16-11819, is hereby closed.

3. Entry of this Order shall not preclude the Reorganized Debtor (or the other reorganized Debtors) from contesting the ultimate Allowed amount or an otherwise final determination of the liabilities underlying the claims that are the subject of the Motion to Establish Reserves.

4. Entry of this Order is without prejudice to the rights of the Reorganized Debtor or other parties in interest to seek to reopen any of the Debtors' chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

5. The Claims and Noticing Services for the Debtors' chapter 11 cases is terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below. Thereafter, DRC shall have no further obligations to this Court, the Reorganized Debtor, or any other party in interest with respect to the Claims and Noticing Services in the Debtors' chapter 11 case.

6. Pursuant to Local Rule 2002-1(f)(ix), within thirty days of entry of a final decree, DRC shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a final claims register in the lead case containing claims of all cases. DRC shall also box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

7. Within thirty (30) days of entry of this Final Decree and Order, the Reorganized Debtor shall (a) file with the Court and provide to the U.S. Trustee all outstanding post-confirmation reports, and (b) pay all fees due and payable pursuant to 28 U.S.C. § 1930.

8. The ADR Procedures shall continue to apply to any remaining unresolved ADR Claims (as defined in the ADR Procedures) and nothing in this Order limits, modifies or otherwise affects the ADR Procedures including, without limitation, the ADR Injunction (as defined in the ADR Procedures).

9. Nothing in this Order limits, modifies or otherwise affects any releases or injunctions in the Plan.

10. By agreement of the Claimant as defined in the pending *Request and Application of National Union Fire Insurance Company of Pittsburgh, Pa. and Certain Other Affiliates of AIG Property Casualty, Inc. for Allowance and Payment of Administrative Expense* [Docket No. 720] (the "AIG Request") and the Reorganized Debtors, the AIG Request is deemed withdrawn, provided that, for the avoidance of doubt, nothing in the Plan or Confirmation Order or the withdrawal of the AIG Request shall serve as a discharge of the obligations of any of the Debtors or Reorganized Debtors with respect to the following policies issued by Claimant, and Roadhouse Holding Inc., as Reorganized Debtor, agrees to pay or cause to be paid the outstanding premiums for the extension of such policies through February 1, 2018 and any other amounts that may become due under such policies, in accordance with the terms of the policies and related insurance agreements for such policies:

| Policy IO | Policy Term |
|---|---|
| 28251638-02916328 | 11/23/2016 - 02/01/2018 |
| 24542095-09616328 | 11/23/2016 - 02/01/2018 |

11. The Reorganized Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree and Order in accordance with the Motion.

12. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree and Order shall be immediately effective and enforceable upon its entry.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree and Order.

Dated: December 14, 2017
Wilmington, Delaware

_____
Brendan Linehan Shannon
United States Bankruptcy Judge